**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.  1:20-CV-01269-CMA-STV

COLONY INSURANCE COMPANY

Plaintiff

v.

BRISTLECONE MONTESSORI SCHOOL,
RUTHANN SHERRIER,
JESSICA TERRIZZI CALDWELL,
R.W., a minor, individually and by and through his guardian and next friend, Tina Satch,
DOES 1-10

Defendants

## ANSWER

Defendant, Jessica Terrizzi Caldwell, by and through her attorneys, Nathan Dumm & Mayer P.C., appearing separately from the other named Defendants, hereby responds to Plaintiff's Complaint as follows:

1.  With reference to the allegations contained in paragraph 1 of Plaintiff's Complaint, this Defendant is currently uninformed and, at this time, denies the same.

2.  With reference to the allegations contained in paragraph 2 of Plaintiff's Complaint, this Defendant admits that Defendant Bristlecone Montessori School was during its operation incorporated in the State of Colorado, with its principal place of business in Alma, Colorado.

3. With reference to the allegations contained in paragraph 3 of Plaintiff's Complaint, upon information and belief, this Defendant admits that Ruthann Sherrier may be currently domiciled and residing in the State of Colorado.

4. With reference to the allegations contained in paragraph 4 of Plaintiff's Complaint, this Defendant admits that she currently is domiciled and resides in the State of Colorado.

5. With reference to the allegations contained in paragraph 5 of Plaintiff's Complaint, upon information and belief, this Defendant admits that R.W. is a minor and that Tina Satch has a parental relationship with R.W. and that one or both of them may be domiciled and reside within the State of Colorado.

6. With reference to the allegations contained in paragraph 6 of Plaintiff's Complaint, the allegations are too vague for this Defendant to provide a substantive response. That said, this Defendant does admit that R.W/Tina Satch have filed a lawsuit in Park County District Court, Civil Action No. 2019cv30064, wherein allegations related to conduct associated with the operation of Bristlecone Montessori School have been made. This Defendant further admits that in the fall of 2018 she held a position with Bristlecone Montessori School. This Defendant is currently uninformed or outright denies the remaining allegations contained in this paragraph.

7. With reference to the allegations contained in paragraph 7 of Plaintiff's Complaint, this Defendant admits that she currently does not know who John Does 1-10 are intended to refer to and that this paragraph contains prefatory matters to which no response is

required. To the extent a response is required, this Defendant currently denies the allegations contained therein.

8. With reference to the allegations contained in paragraph 8 of Plaintiff's Complaint, this Defendant avers that the statute cited speak for itself. This Defendant is currently unaware of whether the controversy exceeds $75,000 exclusive of costs and interest and thus currently denies the allegations contained therein.

9. With reference to the allegations contained in paragraph 9 of Plaintiff's Complaint, this Defendant avers that the statute cited speaks for itself. Nonetheless, this Defendant does not dispute venue in Colorado is appropriate.

10. With reference to the allegations contained in paragraph 10 of Plaintiff's Complaint, this Defendant admits that a Complaint was originally filed by R.W/Tina Satch against certain Defendants in Park County District Court on or about September 10, 2019, case No. 2019cv30064. This Defendant also admits that an Amended Complaint was filed in that lawsuit on or about March 9, 2020. Those pleadings speak for themselves, although this Defendant denies the veracity of the allegations contained in those pleadings and that she is liable. This Defendant also denies any remaining allegations contained in this paragraph.

11. With reference to the allegations contained in paragraph 11, as to the Park County state lawsuit, this Defendant avers that the Complaint and Amended Complaint filed by those Plaintiffs speak for themselves, although this Defendant denies the veracity of the allegations contained therein. This Defendant denies each and every other allegation heretofore not specifically admitted.

12. With reference to the allegations contained in paragraph 12, as to the Park County state lawsuit, this Defendant avers that the Complaint and Amended Complaint filed by those Plaintiffs speak for themselves, although this Defendant denies the veracity of the allegations contained therein. This Defendant denies each and every other allegation heretofore not specifically admitted.

13. With reference to the allegations contained in paragraph 13, as to the Park County state lawsuit, this Defendant avers that the Complaint and Amended Complaint filed by those Plaintiffs speak for themselves, although this Defendant denies the veracity of the allegations contained therein. This Defendant denies each and every other allegation heretofore not specifically admitted.

14. With reference to the allegations contained in paragraph 14, as to the Park County state lawsuit, this Defendant avers that the Complaint and Amended Complaint filed by those Plaintiffs speak for themselves, although this Defendant denies the veracity of the allegations contained therein. This Defendant denies each and every other allegation heretofore not specifically admitted.

15. With reference to the allegations contained in paragraph 15, as to the Park County state lawsuit, this Defendant avers that the Complaint and Amended Complaint filed by those Plaintiffs speak for themselves, although this Defendant denies the veracity of the allegations contained therein. This Defendant denies each and every other allegation heretofore not specifically admitted.

16. With reference to the allegations contained in paragraph 16 of Plaintiff's Complaint, this Defendant admits that she tendered to the Plaintiff in this case the Park County

lawsuit requesting payment of both defense and indemnity associated with that litigation. This Defendant is currently uninformed what Bristlecone Montessori School may have done and therefore at this time denies the same.

17. This Defendant denies the allegations contained in paragraph 17 of Plaintiff's Complaint.

18. With reference to the allegations contained in paragraph 18 of Plaintiffs' Complaint, this Defendant admits that this Plaintiff issued an insurance policy which provides coverage to this Defendant. This Defendant avers that the policy speaks for itself and denies any remaining allegations contained in this paragraph.

19. With reference to the allegations contained in paragraph 19 of Plaintiffs' Complaint, this Defendant admits that currently the Plaintiff has provided defense counsel for the Park County litigation and that Plaintiff has communicated with this Defendant associated with her tender and representation. This Defendant avers any written communications speak for themselves, although this Defendant does not necessarily agree with the content.

20. With reference to the allegations contained in paragraph 20 of Plaintiffs' Complaint, this Defendant avers those allegations contain legal conclusions to which no response is required. To the extent a response is required, this Defendant avers that the pertinent documents, which Plaintiff chose not to attach to the Complaint, would speak for themselves, although this Defendant denies that Plaintiff is entitled to a limitation on coverage.

21. With reference to the allegations contained in paragraph 21 of Plaintiffs' Complaint, this Defendant avers those allegations contain legal conclusions to which no response is required. To the extent a response is required, this Defendant avers that the pertinent

documents, which Plaintiff chose not to attach to the Complaint, would speak for themselves, although this Defendant denies that Plaintiff is entitled to a limitation on coverage.

22. With reference to the allegations contained in paragraph 22 of Plaintiff's Complaint, this Defendant avers those allegations contain legal conclusions to which no response is required. To the extent a response is required, this Defendant avers that the pertinent documents, which Plaintiff chose not to attach to the Complaint, would speak for themselves, although this Defendant denies that Plaintiff is entitled to a limitation on coverage.

23. With reference to the allegations contained in paragraph 23 of Plaintiff's Complaint, this Defendant avers those allegations contain legal conclusions to which no response is required. To the extent a response is required, this Defendant avers that the pertinent documents, which Plaintiff chose not to attach to the Complaint, would speak for themselves, although this Defendant denies that Plaintiff is entitled to a limitation on coverage.

24. With reference to the allegations contained in paragraph 24 of Plaintiff's Complaint, this Defendant avers those allegations contain legal conclusions to which no response is required. To the extent a response is required, this Defendant avers that the pertinent documents, which Plaintiff chose not to attach to the Complaint, would speak for themselves, although this Defendant denies that Plaintiff is entitled to a limitation on coverage.

25. With reference to the allegations contained in paragraph 25 of Plaintiff's Complaint, this Defendant avers those allegations contain legal conclusions to which no response is required. To the extent a response is required, this Defendant avers that the pertinent documents, which Plaintiff chose not to attach to the Complaint, would speak for themselves, although this Defendant denies that Plaintiff is entitled to a limitation on coverage.

26. With reference to the allegations contained in paragraph 26 of Plaintiff's Complaint, this Defendant avers those allegations contain legal conclusions to which no response is required. To the extent a response is required, this Defendant avers that the pertinent documents, which Plaintiff chose not to attach to the Complaint, would speak for themselves, although this Defendant denies that Plaintiff is entitled to a limitation on coverage.

27. With reference to the allegations contained in paragraph 27 of Plaintiff's Complaint, this Defendant avers those allegations contain legal conclusions to which no response is required. To the extent a response is required, this Defendant avers that the pertinent documents, which Plaintiff chose not to attach to the Complaint, would speak for themselves, although this Defendant denies that Plaintiff is entitled to a limitation on coverage.

28. With reference to the allegations contained in paragraph 28 of Plaintiff's Complaint, this Defendant avers those allegations contain legal conclusions to which no response is required. To the extent a response is required, this Defendant avers that the pertinent documents, which Plaintiff chose not to attach to the Complaint, would speak for themselves, although this Defendant denies that Plaintiff is entitled to a limitation on coverage.

29. With reference to the allegations contained in paragraph 29 of Plaintiff's Complaint, this Defendant avers those allegations contain legal conclusions to which no response is required. To the extent a response is required, this Defendant avers that the pertinent documents, which Plaintiff chose not to attach to the Complaint, would speak for themselves, although this Defendant denies that Plaintiff is entitled to a limitation on coverage.

30. With reference to the allegations contained in paragraph 30 of Plaintiff's Complaint, this Defendant avers those allegations contain legal conclusions to which no response

is required. To the extent a response is required, this Defendant avers that the pertinent documents, which Plaintiff chose not to attach to the Complaint, would speak for themselves, although this Defendant denies that Plaintiff is entitled to a limitation on coverage.

31. With reference to the allegations contained in paragraph 31 of Plaintiff's Complaint, this Defendant avers those allegations contain legal conclusions to which no response is required. To the extent a response is required, this Defendant avers that the pertinent documents, which Plaintiff chose not to attach to the Complaint, would speak for themselves, although this Defendant denies that Plaintiff is entitled to a limitation on coverage.

32. With reference to the allegations contained in paragraph 32 of Plaintiff's Complaint, this Defendant avers those allegations contain legal conclusions to which no response is required. To the extent a response is required, this Defendant avers that the pertinent documents, which Plaintiff chose not to attach to the Complaint, would speak for themselves, although this Defendant denies that Plaintiff is entitled to a limitation on coverage.

33. With reference to the allegations contained in paragraph 33 of Plaintiff's Complaint, this Defendant avers those allegations contain legal conclusions to which no response is required. To the extent a response is required, this Defendant avers that the pertinent documents, which Plaintiff chose not to attach to the Complaint, would speak for themselves, although this Defendant denies that Plaintiff is entitled to a limitation on coverage.

34. With reference to the allegations contained in paragraph 34 of Plaintiff's Complaint, this Defendant avers those allegations contain legal conclusions to which no response is required. To the extent a response is required, this Defendant avers that the pertinent

documents, which Plaintiff chose not to attach to the Complaint, would speak for themselves, although this Defendant denies that Plaintiff is entitled to a limitation on coverage.

35. With reference to the allegations contained in paragraph 35 of Plaintiff's Complaint, this Defendant avers those allegations contain legal conclusions to which no response is required. To the extent a response is required, this Defendant avers that the pertinent documents, which Plaintiff chose not to attach to the Complaint, would speak for themselves, although this Defendant denies that Plaintiff is entitled to a limitation on coverage.

36. With reference to the allegations contained in paragraph 36 of Plaintiff's Complaint, this Defendant avers those allegations contain legal conclusions to which no response is required. To the extent a response is required, this Defendant avers that the pertinent documents, which Plaintiff chose not to attach to the Complaint, would speak for themselves, although this Defendant denies that Plaintiff is entitled to a limitation on coverage.

37. With reference to the allegations contained in paragraph 37 of Plaintiff's Complaint, this Defendant avers those allegations contain legal conclusions to which no response is required. To the extent a response is required, this Defendant avers that the pertinent documents, which Plaintiff chose not to attach to the Complaint, would speak for themselves, although this Defendant denies that Plaintiff is entitled to a limitation on coverage.

38. With reference to the allegations contained in paragraph 38 of Plaintiff's Complaint, this Defendant avers those allegations contain legal conclusions to which no response is required. To the extent a response is required, this Defendant avers that the pertinent documents, which Plaintiff chose not to attach to the Complaint, would speak for themselves, although this Defendant denies that Plaintiff is entitled to a limitation on coverage.

39. With reference to the allegations contained in paragraph 39 of Plaintiff's Complaint, this Defendant avers those allegations contain legal conclusions to which no response is required. To the extent a response is required, this Defendant avers that the pertinent documents, which Plaintiff chose not to attach to the Complaint, would speak for themselves, although this Defendant denies that Plaintiff is entitled to a limitation on coverage.

40. With reference to the allegations contained in paragraph 40 of Plaintiff's Complaint, this Defendant avers those allegations contain legal conclusions to which no response is required. To the extent a response is required, this Defendant avers that the pertinent documents, which Plaintiff chose not to attach to the Complaint, would speak for themselves, although this Defendant denies that Plaintiff is entitled to a limitation on coverage.

41. With reference to the allegations contained in paragraph 41 of Plaintiff's Complaint, this Defendant avers those allegations contain legal conclusions to which no response is required. To the extent a response is required, this Defendant avers that the pertinent documents, which Plaintiff chose not to attach to the Complaint, would speak for themselves, although this Defendant denies that Plaintiff is entitled to a limitation on coverage.

42. With reference to the allegations contained in paragraph 42 of Plaintiff's Complaint, this Defendant was not directly involved in any such communications and therefore, at this time, is currently uninformed.

43. With reference to the allegations contained in paragraph 43 of Plaintiff's Complaint, this Defendant hereby incorporates its responses to the allegations incorporated in that paragraph.

44. This Defendant denies the allegations contained in paragraph 44 of Plaintiff's Complaint.

45. This Defendant denies the allegations contained in paragraph 45 of Plaintiff's Complaint.

46. With reference to the allegations contained in paragraph 46 of Plaintiff's Complaint, this Defendant admits that she disputes any limitation on coverage alleged by Plaintiff. This Defendant is, however, currently uninformed as to the position of the other Defendants.

47. This Defendant denies the allegations contained in paragraph 47 of Plaintiff's Complaint.

48. This Defendant denies the allegations contained in paragraph 48 of Plaintiff's Complaint.

49. This Defendant denies each and every other allegation not heretofore specifically admitted.

**AFFIRMATIVE DEFENSES**

1. This Complaint fails to state a valid claim at this time for which relief can be granted.

2. The claim alleged is not yet ripe.

3. The Plaintiff's claim is brought wrongfully and/or in bad faith.

4. Plaintiff's claim may be barred by the doctrine of unclean hands.

5. Plaintiff's Complaint should be stayed pending resolution of the underlying litigation in Park County.

WHEREFORE, this Defendant prays that the Court enter judgment in her favor on Plaintiff's Complaint for declaratory relief and award this Defendant her fees, costs and expenses incurred in defending this action and grant such other and further relief as the Court deems appropriate.

Respectfully submitted this 29th day of May, 2020.

/s/ Marni Nathan Kloster
Marni Nathan Kloster
Ashley Hernandez-Schlagel
NATHAN DUMM & MAYER P.C.
7900 E. Union Avenue, Suite 600
Denver, CO  80237-2776
Phone Number: (303) 691-3737
Fax: (303) 757-5106
Attorneys for Defendant Jessica Terrizzi Caldwell

**CERTIFICATE OF SERVICE**

   I hereby certify that on this 29th day of May, 2020, I electronically filed the foregoing **ANSWER** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following at their e-mail addresses:

Jay R. Graif
Jennifer C. Kalvestran
GUST ROSENFELD, P.L.C.
1624 Market St., Suite 202
Denver, CO  80202
jgraif@gustlaw.com
jkalvestran@gustlaw.com
*Attorneys for Plaintiff*

Igor Raykin
Kishinevsky & Raykin, LLC
2851 S. Parker Road, Suite 150
Aurora, Colorado 80014
Tel: (720) 767-1846
Fax: (720) 523-8135
igor@coloradolawteam.com

Michael Nolt
Kishinevsky & Raykin, LLC
2851 S. Parker Road, Suite 150
Aurora, Colorado 80014
Tel: (720) 863-4256
Fax: (720) 748-8894
michael@coloradolawteam.com
*Attorneys for Defendants R.W., a Minor, and Tina Satch*

              */s/ Alexandra Sanchez*
              Paralegal