**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.        1:20-CV-01269-CMA-STV

COLONY INSURANCE COMPANY

Plaintiff

v.

BRISTLECONE MONTESSORI SCHOOL,
RUTHANN SHERRIER,
JESSICA TERRIZZI CALDWELL,
R.W., a minor, individually and by and through his guardian and next friend, Tina Satch,
DOES 1-10

Defendants

## MOTION TO STAY PROCEEDINGS AND

## ANY COMPULSORY COUNTERCLAIM

This Defendant, Jessica Terrizzi Caldwell, by and through her attorneys at Nathan Dumm & Mayer P.C., appearing separately from the other named Defendants, hereby submits the following Motion to Stay and in support state as follows:

### CONFERRAL

In accordance with D.C.Colo.LCivR 7.1, Counsel for this Defendant hereby confirms that they have conferred with the other counsel currently known and have been advised that Plaintiff

Colony Insurance Company opposes the Motion, while Defendant and R.W./Tina Satch do not oppose this Motion.[1]

## CERTIFICATION

In accordance with D.C.Colo.LCivR 6.1, this is the first stay or extension requested by this Defendant. This request is brought in good faith and the granting of this Motion is in the interests of justice. Also, a copy of this Motion has been served on this Defendant.

## MOTION

On or about May 6, 2020, Plaintiff Colony Insurance Company filed a complaint seeking anticipatory declaratory relief as to the duty to indemnify with respect to the Defendants in a state court case brought by R.W. in Park County, Civil Action No. 2018CV30064 ("underlying litigation"). While Plaintiff chose to have a process server serve certain pleadings on this Defendant on Mother's Day, May 10, 2020, in lieu of requesting a waiver of service, the packet served did not appear to contain a valid summons. It was not until this Defendant was served a second time a week later on or about May 17, 2020, that a summons executed by the Court was provided.

Contemporaneously herewith, this Defendant files her answer to the Plaintiff's complaint. The purpose of this Motion is to request the entire case, including any potential compulsory counterclaim(s), be stayed pending conclusion of the underlying litigation or alternatively the case be dismissed, without prejudice.

---

[1] This Defendant and her attorneys, despite inquiry, are not aware of whether the other Defendants are represented in this proceeding and, if so, by whom and thus could not confer with them.

The Plaintiff's declaratory judgment complaint indicates Plaintiff is seeking a ruling on the duty to indemnify. The Tenth Circuit and this Court have previously discussed that the Court has discretion to decide whether to issue such a declaratory judgment. See *St. Paul Fire and Marine Ins. Co. v. Runyon*, 53 F.3d 1167, 1168 (10th Cir. 1995); *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 982 (10th Cir. 1994). In deciding next steps, the Court look at five factors including:

1. Whether a declaratory action would settle the controversy;

2. Whether it would serve a useful purpose in clarifying the legal relations at issue;

3. Whether the declaratory remedy is being used merely for the purposes of "procedural fencing" or "to provide an arena for race to race judicata";

4. Whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and,

5. Whether there is an alternative remedy which is better or more effective.

*Addison Ins. Co. v. Maynard,* No. 08-cv-00054, 2008 WL 2079143 (D.Colo. May 15, 2008). Further, Courts have held that when the declaratory judgment action is brought in the insurance context, such as is the case here, the Court should also consider whether the declaratory action is independent of and separable from the underlying action. *Id.* at *2, see also *Addison Ins. Co. v. Rippy,* No. 08-cv-00237, 2009 WL 723322 (D. Colo. Mar. 18, 2009). A declaratory judgment action which is not independent and separable is inappropriate and "could unduly prejudice the insured in the underlying action*." Maynard,* 2008 WL 2079143 at *2; *Rippy,* 2009 WL 723322 at *6. Consequently, courts have made clear that "a declaratory action raising the issue of an insurer's duty to indemnify prior to the conclusion of the underlying action 'is premature, and

should not be made until the underlying claims are resolved.'" *Maynard*, 2008 WL 2079143 at *4, quoting *Heckla Mining v. New Hampshire Ins. Co.*, 811 P.2d 1083, 1086 at n. 5 (Colo. 1991).

Here, Plaintiff's sole claim is an anticipatory declaratory judgment action regarding the duty to indemnify. As such, all of the Tenth Circuit and District Court factors noted above warrant a stay of this case until the underlying litigation is completed or dismissal of the case. To explain, first, the anticipatory declaratory judgment filed by Plaintiff in this case is the exact situation the above cited cases have found to be inappropriate. Second, a decision on Plaintiff's declaratory judgment claim as to the duty to indemnify will not settle coverage, as there is still a duty to defend. Third, given the duty to defend, this Defendant sees no legitimate basis for the filing of the pending anticipatory declaratory judgment proceeding now and it appears the purpose is for "procedural fencing" and/or "res judicata" purposes. Fourth, a decision at this time would not be useful and, in fact, would create friction between this case and the underlying litigation. The underlying litigation is still in its early stages, i.e. initial disclosures have just recently been exchanged. Allowing this lawsuit to proceed would lead to competing discovery between this case and the underlying litigation in state court. Such action would create significant prejudice to each of the Defendants in the underlying litigation as they would be caught between defending the underlying litigation and defending this litigation and such defenses may not be identical. Fifth, there is no currently active controversy, as no judgment has been issued against the Defendants in the underlying litigation for which the duty to indemnify is implicated. Should the Defendants prevail in the underlying litigation there would be no question as to the duty to indemnify, thus making this case not ripe. Finally, this lawsuit is

not independent and separable from the underlying litigation. Rather, the two lawsuits are completely related.

As a result, in accordance with *Maynard*, 2008 WL 2079143 and *Rippy*, 2009 WL 723322, a stay of this proceeding in its entirety, including as to the filing of any compulsory counterclaim and all Rule 16 and Rule 26 deadlines, should be granted until completion of the underlying Park County District Court litigation, Civil Action 2019CV30064, has been rendered. Alternatively, this lawsuit should be dismissed, without prejudice.

WHEREFORE, this Defendant respectfully requests this Court stay all deadlines, including but not limited to the filing of any compulsory counterclaim and all Rule 16 and Rule 26 deadlines or dismiss this claim, and that the Court order such other and further relief as the Court deems appropriate.

Respectfully submitted this 29th day of May, 2020.

/s/*Marni Nathan Kloster*
Marni Nathan Kloster
Ashley Hernandez-Schlagel
NATHAN DUMM & MAYER P.C.
7900 E. Union Avenue, Suite 600
Denver, CO  80237-2776
Phone Number: (303) 691-3737
Fax: (303) 757-5106
Attorneys for Defendant Jessica Terrizzi Caldwell

## CERTIFICATE OF SERVICE

      I hereby certify that on this 29th day of May, 2020, I electronically filed the foregoing **MOTION TO STAY PROCEEDINGS AND ANY COMPULSORY COUNTERCLAIM** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following at their e-mail addresses:

Jay R. Graif
Jennifer C. Kalvestran
GUST ROSENFELD, P.L.C.
1624 Market St., Suite 202
Denver, CO  80202
jgraif@gustlaw.com
jkalvestran@gustlaw.com
*Attorneys for Plaintiff*

Igor Raykin
Kishinevsky & Raykin, LLC
2851 S. Parker Road, Suite 150
Aurora, Colorado 80014
Tel: (720) 767-1846
Fax: (720) 523-8135
igor@coloradolawteam.com

Michael Nolt
Kishinevsky & Raykin, LLC
2851 S. Parker Road, Suite 150
Aurora, Colorado 80014
Tel: (720) 863-4256
Fax: (720) 748-8894
michael@coloradolawteam.com
*Attorneys for Defendants R.W., a Minor, and Tina Satch*

                                                */s/Alexandra Sanchez*
                                                Alexandra Sanchez, Paralegal