# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLORADO

Civil Action No.     1:20-CV-01269-CMA-STV

COLONY INSURANCE COMPANY,

Plaintiff

v.

BRISTLECONE MONTESSORI SCHOOL,
RUTHANN SHERRIER
JESSICA TERRIZZI CALDWELL,
R.W., a minor, individually and by and through his guardian and next friend, Tina Satch,
DOES 1-10

Defendants

---

## PLAINTIFF COLONY INSURANCE COMPANY'S RESPONSE TO JESSICA TERRIZZI CALDWELL'S MOTION TO STAY PROCEEDINGS AND ANY COMPULSORY COUNTERCLAIM [Document No. 16]

---

Plaintiff Colony Insurance Company ("CIC"), for its response to defendant Jessica Terrizzi Caldwell's ("Ms. Caldwell") Motion to Stay Proceedings and any Compulsory Counterclaim (Document No. 16), states as follows:

### INTRODUCTION

CIC's Complaint for Declaratory Relief does not seek "anticipatory" declarations of insurance coverage. And, the continuance of this coverage action will not prejudice Ms. Caldwell's defense in the liability action entitled *R.W., a*

*minor, individually and by and through his guardian and next friend, Tina Satch v. Bristlecone Montessori School, et al.*, filed in Park County, Colorado, Civil Action No. 2019CV30064 ("Underlying Action").  Rather, and contrary to Ms. Caldwell's superficial arguments otherwise, staying this matter will prejudice <u>all</u> parties to this action.  In particular, in its Complaint CIC seeks a declaration that the $25,000.00 "burning" sublimit in the policy at issue applies to the Underlying Action (if any indemnity obligation exists at all).[1]  Given the nature of this sublimit, CIC offered it soon after the Underlying Action commenced (less any applicable fees and costs), but the offer was rejected.  (*See* Document 1 at ¶ 41).  Thus, and as acknowledged by Ms. Caldwell, litigation in the Underlying Action continues, further reducing the applicable sublimit.  (Document 16 at p. 4).  If this coverage action is stayed while litigation in the Underlying Action proceeds, the applicable sublimit of the CIC policy may quickly reduce to zero.  As a result, not only would limits of the CIC policy exhaust, but it would also potentially extinguish CIC's duty to defend its insureds.

Ms. Caldwell's Motion otherwise fails to specify any particular manner in which she would suffer prejudice or otherwise be forced to litigate a coverage

---

[1] Under a "burning limit" insurance policy, the indemnity limits are reduced by the attorney's fees and other costs expended by the insurance company in the defense of the underlying liability lawsuit.  Thus, as the costs to defend the third party claim increase, the indemnity coverage available to settle that claim decreases.  *See* Document No. 1 at ¶¶ 35-36; 44(j.-k.); *Harper Constr. Co., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 377 F. Supp. 3d 1134, 1148 (S.D. Cal. 2019).

issue that is not yet ripe.  For these reasons, Ms. Caldwell's request for a stay of this coverage action should be denied.

## ARGUMENT

Ms. Caldwell first argues that this coverage action should be stayed because it seeks "anticipatory" declaratory relief as to the duty to indemnify any potential damages awarded in the Underlying Action.  (Document 16 p. 4).  But this argument glosses over the substance of CIC's Complaint in general, and fails to detail any specific basis that is not ripe for adjudication in particular.  Indeed, in its Complaint CIC seeks a declaration that, to the extent any obligation to indemnify exists, the "burning" sublimit provided under Endorsement U013-0511 and/or U233-0511 applies, and that sublimit is the only and highest limit of insurance that will apply to all damages sought in the Underlying Action.  (*See* Document No. 1 at ¶¶ 35-36; 44(j.-k.)).  Thus, the very nature of the sublimit has a direct impact on CIC's defense obligation in the Underlying Action, as the amounts CIC incurs to provide a defense on behalf of Ms. Caldwell, Ms. Sherrier and Bristlecone will reduce the limits available for indemnification of any judgment entered or settlement reached in the Underlying Action.  Moreover, this coverage action has a direct impact on CIC's defense obligation as the exhaustion of the CIC policy's limits may extinguish CIC's continued duty to defend its insureds.

For these reasons, CIC's Complaint does not seek "anticipatory" declaratory relief.  Rather, an "actual controversy" presently exists of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.  *Surefoot*

*LC v. Sure Foot Corp.*, 531 F.3d 1236, 1240 (10th Cir. 2008) (citing *MedImmune, Inc. v. Genetech, Inc.*, 549 U.S. 118, 127 S.Ct. 764, 166 L.Ed.2d 604 (2007) ("Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.")).  As the issues raised in CIC's Complaint are of immediate need for adjudication, and thus are ripe for this Court's consideration, the stay should not issue.

As indicated in Ms. Caldwell's Motion, when there is an active case and controversy, the court may, in its discretion, determine whether it is appropriate to stay the declaratory relief action anyway.  Courts within the Tenth Circuit have generally considered the following factors to guide their discretionary power:

1. Whether the action for declaratory relief would settle the controversy;

2. Whether the declaratory relief action would serve a useful purpose in clarifying the legal relations at issue;

3. Whether the request for declaratory relief is being used merely for the purposes of "procedural fencing" or "to provide an arena for a race to res judicata";

4. Whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and

5. Whether there is an alternative remedy that is better or more effective.

*State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994); *Addison Ins. Co. v. Maynard*, 2008 WL 2079143 (D. Colo. May 15, 2008).  While Ms. Caldwell appears to incorporate the key words of each of these elements into her argument in support of her motion, she does not substantively demonstrate that any of these factors favor a stay.

Indeed, and contrary to Ms. Caldwell's arguments, a substantive analysis of these factors favor the continued litigation of this coverage action.  First, CIC is not a party to the Underlying Action, and that lawsuit does not address any insurance policy issues at all, much less the issues raised in CIC's Complaint.  Thus, there is no other forum to address the coverage issues raised in this matter, including but not limited to CIC's requests for declaratory relief relating to the applicable sublimit.  And, for this same reason, the bases upon which CIC seeks declaratory relief would settle the controversy relating to the applicable indemnity limits (if any indemnity obligation exists), the extent of CIC's defense obligations owed to its insureds, and adjudication of the coverage issues raised in CIC's Complaint would otherwise clarify the legal relations between CIC and the defendants in this action.

Accordingly, CIC did not bring this coverage action merely as procedural posturing or other, non-substantive reasons.  Rather, a live and active controversy exists with respect to the applicable limits potentially available for the damages sought in the Underlying Action (should CIC have any obligation to indemnify at all), as well as the potential duration of any defense obligation owed to CIC's

insureds. CIC attempted to informally resolve that issue early on by offering the sublimit in a full and final settlement of the Underlying Action, but that offer was rejected and litigation has continued, further reducing the potentially applicable sublimit. Thus, without a timely adjudication of the issues raised in CIC's Complaint, all parties to this action will suffer prejudice.

Finally, a review of the allegations and bases for relief sought in CIC's Complaint demonstrate that the issues raised for adjudication in this action are "independent of and separable from" the issues raised in the Underlying Action. *Mhoon*, 31 F.3d at 983; *Maynard*, 2008 WL 2079143. While Ms. Caldwell merely mentions that her defense in the Underlying Action will be prejudiced if she is required to litigate the issues raised in CIC's Complaint, she does not specify how she would suffer prejudice. And in reviewing its Complaint, CIC is otherwise unable to discern any manner of prejudice. In particular, and as discussed above, CIC seeks declarations regarding the applicability of the sublimit and other provisions of the policy to the damages sought in the Underlying Action (if any indemnity obligation exists at all), as well as a determination of whether Ms. Caldwell qualifies as an insured under the CIC policy at issue. None of policy terms or declarations of coverage raised in CIC's complaint are at issue in the Underlying Action, and CIC does not seek adjudication of any of the liability issues raised in the Underlying Action. Because none of the issues raised in CIC's complaint will interfere with the claims made in the Underlying Action, this coverage action is separable and independent from the Underlying Action, its

adjudication will not strain relations with the Underlying Action pending in Colorado state court, and there is no reason to stay this lawsuit.

## CONCLUSION

The issues raised in CIC's Complaint constitute an active controversy that are ripe for adjudication, and the defendants will not suffer prejudice through the timely litigation of those issues, which are wholly independent from the allegations made in the Underlying Action. In fact, should this matter be stayed while the litigation of the Underlying Action continues, all parties will suffer prejudice. For these reasons, Ms. Caldwell's request for a stay of this matter should be denied.

**WHEREFORE**, Plaintiff Colony Insurance Company respectfully requests that the Court deny Jessica Caldwell's Motion to Stay Proceedings and Any Compulsory Counterclaim.

Respectfully submitted this 15th day of June, 2020.

                                              s/ Jay R. Graif
                                              Jay R. Graif
                                              GUST ROSENFELD, P.L.C.
                                              1624 Market St., Suite 202
                                              Denver, CO 80202
                                              Telephone: 303.648.4042
                                              Facsimile: 602.254.4878
                                              Email: jgraif@gustlaw.com
                                              Attorneys for Colony Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Michael Nolt
michael@coloradolawteam.com

Igor Raykin
igor@coloradolawteam.com
ATTORNEYS FOR DEFENDANT R.W.

Ashley M. Hernandez-Schlagel
aschlagel@ndm-law.com

Marni Nathan Kloster
mkloster@ndm-law.com
ATTORNEYS FOR DEFENDANT CALDWELL


s/ Brittany Leonard