# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-01269-CMA-STV

COLONY INSURANCE COMPANY

Plaintiff,

v.

BRISTLECONE MONTESSORI SCHOOL
RUTHANN SHERRIER
JESSICA TERRIZZI CALDWELL
R.W., a minor, individually and by and through his guardian and next friend, Tina Satch
DOES 1-10

Defendants

---

# ANSWER

---

Defendant R.W., a minor individually and by and through his guardian and next friend Tina Satch, by and through his attorneys, Kishinevsky & Raykin, Attorneys at Law, appearing separately from the other named Defendants, hereby responds to Plaintiff's Complaint as follows:

1. This Defendant currently does not have enough information to respond to the allegations in paragraph 1 of Plaintiff's Complaint, and therefore, at this time, this Defendant denies the allegations in paragraph 1 of Plaintiff's Complaint.

2. This Defendant admits the allegations contained in paragraph 2 of the Plaintiff's Complaint.

3. Upon information and belief, this Defendant admits the allegations in paragraph 3 of Plaintiff's Complaint.

4. Upon information and belief, this Defendant admits the allegations in paragraph 4 of Plaintiff's Complaint.

5. This Defendant admits the allegations in paragraph 5 of Plaintiff's Complaint.

6. The allegations in paragraph 6 of Plaintiff's Complaint are too vague, confusing, and ambiguous for this Defendant to respond. To the extent a response is required,

7. The allegations in paragraph 7 of Plaintiff's Complaint contain prefatory matter to which no response is required. To the extent a response is required, this Defendant does not have enough information to respond to the allegations in paragraph 7 of Plaintiff's Complaint, and therefore, at this time, this Defendant denies the allegations in paragraph 7 of Plaintiff's Complaint.

8. The statute cited in paragraph 8 of Plaintiff's Complaint speaks for itself. With respect to the remaining allegations in paragraph 8 of Plaintiff's Complaint, this Defendant is currently unaware of whether complete diversity exists, and therefore denies the allegations. This Defendant admits that the amount in controversy in the underlying state court case exceeds $75,000.

9. The statute cited in paragraph 9 of Plaintiff's Complaint speaks for itself. This Defendant does not dispute that venue is proper in this Court.

10. This Defendant admits that they filed the underlying action, *R.W., a minor, individually and by and through his guardian and next friend, Tina Satch v. Bristlecone Montessori School, et al.*, court file number 2019CV030064, on or about September 10, 2019. This Defendant also admits that they filed a First Amended Complaint in the underly action on or about March 9, 2020. The pleadings in the underlying action speak for themselves. This Defendant maintains the veracity of the allegations contained in the pleadings in the

underlying action. This Defendant denies any remaining allegations in paragraph 10 of Plaintiff's Complaint.

11. The pleadings in the underlying action speak for themselves. This Defendant maintains the veracity of the allegations contained in the pleadings in the underlying action.

12. The pleadings in the underlying action speak for themselves. This Defendant maintains the veracity of the allegations contained in the pleadings in the underlying action.

13. The pleadings in the underlying action speak for themselves. This Defendant maintains the veracity of the allegations contained in the pleadings in the underlying action.

14. The pleadings in the underlying action speak for themselves. This Defendant maintains the veracity of the allegations contained in the pleadings in the underlying action.

15. The pleadings in the underlying action speak for themselves. This Defendant maintains the veracity of the allegations contained in the pleadings in the underlying action.

16. This Defendant does not have enough information to respond to the allegations in paragraph 16 of Plaintiff's Complaint, and therefore, at this time, this Defendant denies the allegations in paragraph 16 of Plaintiff's Complaint.

17. This Defendant denies the allegations in paragraph 17 of Plaintiff's Complaint.

18. Upon information and belief, this Defendant admits that Plaintiff issued an insurance policy to Bristlecone. The policy document speaks for itself. This Defendant does not have enough information to respond to any remaining allegations in paragraph 18 of Plaintiff's Complaint, and therefore, at this time, this Defendant denies any remaining allegations in paragraph 18 of Plaintiff's Complaint.

19. This Defendant does not have enough information to respond to the allegations in paragraph 19 of Plaintiff's Complaint, and therefore, at this time, this Defendant denies the allegations in paragraph 19 of Plaintiff's Complaint.

20. The allegations in paragraph 20 are legal conclusions to which no response is required. To the extent a response is required, the policy documents speak for themselves, and this Defendant denies any coverage limitations.

21. To the extent the allegations in paragraph 21 of Plaintiff's Complaint are legal conclusions, no response is required. To the extent a response is required, the policy documents speak for themselves, and this Defendant denies any coverage limitations.

22. To the extent the allegations in paragraph 22 of Plaintiff's Complaint are legal conclusions, no response is required. To the extent a response is required, the policy documents speak for themselves, and this Defendant denies any coverage limitations.

23. To the extent the allegations in paragraph 23 of Plaintiff's Complaint are legal conclusions, no response is required. To the extent a response is required, the policy documents speak for themselves, and this Defendant denies any coverage limitations.

24. To the extent the allegations in paragraph 24 of Plaintiff's Complaint are legal conclusions, no response is required. To the extent a response is required, the policy documents speak for themselves, and this Defendant denies any coverage limitations.

25. To the extent the allegations in paragraph 25 of Plaintiff's Complaint are legal conclusions, no response is required. To the extent a response is required, the policy documents speak for themselves, and this Defendant denies any coverage limitations.

26. To the extent the allegations in paragraph 26 of Plaintiff's Complaint are legal conclusions, no response is required.  To the extent a response is required, the policy documents speak for themselves, and this Defendant denies any coverage limitations.

27. To the extent the allegations in paragraph 27 of Plaintiff's Complaint are legal conclusions, no response is required.  To the extent a response is required, the policy documents speak for themselves, and this Defendant denies any coverage limitations.

28. To the extent the allegations in paragraph 28 of Plaintiff's Complaint are legal conclusions, no response is required.  To the extent a response is required, the policy documents speak for themselves, and this Defendant denies any coverage limitations.

29. To the extent the allegations in paragraph 29 of Plaintiff's Complaint are legal conclusions, no response is required.  To the extent a response is required, the policy documents speak for themselves, and this Defendant denies any coverage limitations.

30. To the extent the allegations in paragraph 30 of Plaintiff's Complaint are legal conclusions, no response is required.  To the extent a response is required, the policy documents speak for themselves, and this Defendant denies any coverage limitations.

31. To the extent the allegations in paragraph 31 of Plaintiff's Complaint are legal conclusions, no response is required.  To the extent a response is required, the policy documents speak for themselves, and this Defendant denies any coverage limitations.

32. To the extent the allegations in paragraph 32 of Plaintiff's Complaint are legal conclusions, no response is required.  To the extent a response is required, the policy documents speak for themselves, and this Defendant denies any coverage limitations.

33. To the extent the allegations in paragraph 33 of Plaintiff's Complaint are legal conclusions, no response is required.  To the extent a response is required, the policy documents speak for themselves, and this Defendant denies any coverage limitations.

34. To the extent the allegations in paragraph 34 of Plaintiff's Complaint are legal conclusions, no response is required.  To the extent a response is required, the policy documents speak for themselves, and this Defendant denies any coverage limitations.

35. To the extent the allegations in paragraph 35 of Plaintiff's Complaint are legal conclusions, no response is required.  To the extent a response is required, the policy documents speak for themselves, and this Defendant denies any coverage limitations.

36. To the extent the allegations in paragraph 36 of Plaintiff's Complaint are legal conclusions, no response is required.  To the extent a response is required, the policy documents speak for themselves, and this Defendant denies any coverage limitations.

37. To the extent the allegations in paragraph 37 of Plaintiff's Complaint are legal conclusions, no response is required.  To the extent a response is required, the policy documents speak for themselves, and this Defendant denies any coverage limitations.

38. To the extent the allegations in paragraph 38 of Plaintiff's Complaint are legal conclusions, no response is required.  To the extent a response is required, the policy documents speak for themselves, and this Defendant denies any coverage limitations.

39. To the extent the allegations in paragraph 39 of Plaintiff's Complaint are legal conclusions, no response is required.  To the extent a response is required, the policy documents speak for themselves, and this Defendant denies any coverage limitations.

40. To the extent the allegations in paragraph 40 of Plaintiff's Complaint are legal conclusions, no response is required.  To the extent a response is required, the policy documents speak for themselves, and this Defendant denies any coverage limitations.

41. To the extent the allegations in paragraph 41 of Plaintiff's Complaint are legal conclusions, no response is required.  To the extent a response is required, the policy documents speak for themselves, and this Defendant denies any coverage limitations.

42. This Defendant admits that Colony made an offer of settlement which was rejected, and litigation proceeded.  This Defendant denies any coverage limitations.

43. With respect to the allegations in paragraph 43 of Plaintiff's Complaint, this Defendant incorporates its responses to the allegations incorporated in that paragraph.

44. This Defendant denies the allegations in paragraph 44 of Plaintiff's Complaint.

45. This Defendant denies the allegations in paragraph 45 of Plaintiff's Complaint.

46. This Defendant admits that he disputes any coverage limitations alleged by Plaintiff.  This Defendant is aware, through her actions in this suit, that Defendant Caldwell disputes any coverage limitations alleged by Plaintiff.  This Defendant is currently uninformed as to the positions of any other defendant.

47. This Defendant denies the allegations in paragraph 47 of Plaintiff's Complaint.

48. This Defendant denies the allegations in paragraph 48 of Plaintiff's Complaint.

49. This Defendant denies any allegations not heretofore specifically admitted.

## AFFIRMATIVE DEFENSES

1. This Complaint fails to state a valid claim at this time for which relief can be granted.

2. The claim alleged is not yet ripe.

3. The Plaintiff's claim is brought wrongfully and/or in bad faith.

4. Plaintiff's claim may be barred by the doctrine of unclean hands.

WHEREFORE, this Defendant requests that the Court enter judgment in his favor on Plaintiff's Complaint for declaratory relief and award this Defendant his fees, costs, and expenses incurred in defending this action and grant such other and further relief as the Court deems appropriate.

Respectfully submitted this 13th day of July, 2020.

*s/ Michael Nolt*
Michael Nolt, Esq.
Kishinevsky & Raykin, Attorneys at Law
2851 S. Parker Rd., Suite 150
Aurora, CO 80014
Phone: 720-588-9713
Email: michael@coloradolawteam.com

*s/ Igor Raykin*
Igor Raykin, Esq.
Kishinevsky & Raykin, Attorneys at Law
2851 S. Parker Rd., Suite 150
Aurora, CO 80014
Phone: 720-767-1846
Email: igor@coloradolawteam.com
ATTORNEYS FOR DEFENDANT R.W.

## CERTIFICATE OF SERVICE

I hereby certify that on July 13th, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Jay Richard Graif
j.graif@gustlaw.com
ATTORNEY FOR PLAINTIFF

Ashley M. Hernandez-Schlagel
aschlagel@ndm-law.com

Marni Nathan Kloster
mkloster@ndm-law.com
ATTORNEYS FOR DEFENDANT CALDWELL

*s/ Chris Mack*
Chris Mack, paralegal