# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-01269 CMA-STV

COLONY INSURANCE COMPANY,

    Plaintiff,

v.

BRISTLECONE MONTESSORI SCHOOL
RUTHANN SHERRIER
JESSICA TERRIZZI CALDWELL
R.W., a minor, individually and by and through his guardian and next friend, Tina Satch
DOES 1-10,

    Defendants.

---

**VERIFIED MOTION FOR SERVICE BY PUBLICATION OR ON DEFENSE COUNSEL; REQUEST FOR ENLARGEMENT OF TIME TO SERVE**

---

Plaintiff Colony Insurance Company ("CIC"), by and through undersigned counsel, pursuant to Fed. R. Civ. P. (4) and the attached Affidavit of Jay R. Graif, incorporated herein by reference, moves the Court for an Order authorizing Service of the Summons and Complaint on the defendants Bristlecone Montessori School and its owner/director, RuthAnn Sherrier, by publication in local newspaper Summit Daily News or alternatively, on defense counsel that CIC retained on their behalf in the underlying liability action (with a copy sent via certified mail to Bristlecone and Ms. Sherrier's last known address). CIC also requests a 60-day extension of time to serve Bristlecone and Ms. Sherrier of this

1

currently-stayed coverage action to allow for effective service as requested in this Motion, as it has been unable to serve these two parties despite its best efforts to do so. In support of this Motion, CIC states as follows:

## I.     INTRODUCTION

This insurance coverage action arises out of a lawsuit that was filed in connection with injuries a minor allegedly sustained while attending Bristlecone Montessori School, entitled *R.W., a minor, individually and by and through his guardian and next friend, Tina Satch v. Bristlecone Montessori School, et al.*, filed in Park County, Colorado, Civil Action No. 2019CV30064 ("Underlying Action"). Bristlecone Montessori School ("Bristlecone") is CIC's named insured, and RuthAnn Sherrier ("Ms. Sherrier") was Bristlecone's owner/director at the time of the injuries alleged in the Underlying Action. Both Bristlecone and Ms. Sherrier are named as defendants in the Underlying Action. In response to their tender of the Underlying Action to CIC, CIC agreed to provide them with a defense under a reservation of rights, and retained James Murdock at Taylor Anderson, LLP, 1670 Broadway, Suite 900, Denver, Colorado, 80202 ("Defense Counsel") as their defense counsel.

Given the coverage issues that arose in connection with the Underlying Action, CIC subsequently filed this coverage action. CIC, however, has not been successful in serving the summons and complaint on Bristlecone or Ms. Sherrier, despite its best efforts. In particular, CIC attempted service on Ms. Sherrier six times at her last known address, and has been unable to locate her current employment (or any information indicating she is working at all). A similar number of attempts have been made at Bristlecone's last known

2

address, and attempts to serve its registered agent were similarly unsuccessful. Given these unsuccessful attempts at serving Bristlecone and Ms. Sherrier through normal process, CIC now seeks the permission of this Court to serve these two parties either through publication in the local newspaper Summit Daily News, or through defense counsel that CIC retained on their behalf in the underlying liability action. And, given CIC's diligent efforts to serve these two parties in the midst of court and business closures, and related stay-at-home orders, CIC requests a 60-day extension of time in order to effectuate service in the manner approved by this Court for good cause. As this coverage action has been stayed, no party will suffer any prejudice should such an extension be granted.

## II.     FACTUAL BACKGROUND

### A.     Bristlecone no longer exists

CIC attempted on numerous occasions to personally serve its named insured, Bristlecone, at its currently registered and last known principal place of business, located at 272 N. Main Street, Alma, Colorado, 80420. (*See* Affidavit of Jay R. Graif, at ¶ 7, Ex. B). However, at each attempted personal service, the building appeared unoccupied. (*Id.* at ¶¶ 8-9, Ex. B). In fact, the last time CIC attempted to personally serve Bristlecone, its building had been gutted, construction equipment was located in the parking lot and an individual on the site indicated that Bristlecone had not operated at its last known address for approximately a year. (*Id.* at ¶ 9, Ex. B).

The Colorado Secretary of State notes that Bristlecone is an active entity and has not been dissolved. (*Id.* at ¶ 10, Ex. C). However, it is also listed as "delinquent." (*Id.* at ¶ 10, Ex. C, Pg. 8). Because Bristlecone is noted as an "active" corporation with the

Secretary of State, CIC attempted to serve Bristlecone by mail at its principal place of business, as permitted under Colorado law. (*Id.*, at ¶ 12, Ex. D). Mail to that address was returned to CIC's counsel, as unable to forward. (*Id.* at ¶ 13, Ex. D). CIC also attempted service on Bristlecone's last registered agent (with an address only of a Post Office Box), as permitted under Colorado law. *Id.* This mailing was also returned to CIC's counsel, as unable to forward. (*Id.* at ¶ 11, Ex. C).

      **B.**      **CIC cannot locate RuthAnn Sherrier**

CIC experienced similar issues attempting to serve Ms. Sherrier, who was Bristlecone's owner/director at the time of the alleged injuries at issue in the Underlying Action. While CIC discovered various prior addresses for Ms. Sherrier, it was eventually able to locate a new, last known address for Ms. Sherrier, in Dillon, Colorado. (*Id.* at ¶¶ 2-3, Ex. A). CIC attempted personal service on Ms. Sherrier numerous times at the Dillon address, but she never answered the door and a car was always missing from her unit's assigned parking spot. (*Id.* at ¶¶ 2-3, Ex. A). During these attempts, however, Ms. Sherrier's neighbor confirmed that she, in fact, did live there. *Id.* at ¶ 5, Ex. A. Despite its due diligence, CIC has been unable to personally serve Ms. Sherrier, nor were there any opportunities for substituted service at her last known address. (*Id.* at ¶ 4, Ex. A). CIC was not able to locate any current workplace information for Ms. Sherrier. (*Id.* at ¶ 6).

**III.**      **SERVICE BY PUBLICATION AND/OR ON DEFENSE COUNSEL IS APPROPRIATE**

Although personal service of process is the preferred method to provide notice of court proceedings, other methods may be used when personal service proves futile. *See,*

*e.g., Coppinger v. Coppinger*, 130 Colo. 175, 177, 274 P.2d 328, 330 (1954). While the federal rules themselves require personal or substitute service, Federal Rule of Civil Procedure 4(e) also allows a party to follow Colorado state law regarding service:

> (e) Serving an Individual Within a Judicial District of the United States. Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:
>
> > (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> >
> > * * *

Fed. R. Civ. P. 4(e)(1); *see also* Fed. R. Civ. P. 4(e)(2) (also allowing for personal or substituted service). And, federal rule 4(h) finds that a corporation must be served in same manner as an individual. *See* Fed. R. Civ. P. 4(h) (a corporation must be served in the manner described for service on individuals under Rule 4(e)(1), or by delivery or mailing the complaint on an officer, managing or general agent, or any other authorized agent). CIC's attempts to serve Bristlecone and Ms. Sherrier personally or through substituted or other service permitted under Rule 4 has been unsuccessful. Thus, CIC requests that this Court permit service by publication or through retained Defense Counsel, as permitted by Colorado state rules and incorporated into Rule 4.

### A. Service by publication is appropriate as it is reasonably calculated to provide actual notice of this action.

The Colorado Rules of Civil Procedure allows a party to seek permission for service by publication for in rem proceedings when personal service is futile:

> (g) Other Service. Except as otherwise provided by law, service by mail or publication shall be allowed only in actions affecting specific property or status or other proceedings in rem. When service is by publication, the complaint need not be published with the summons. The party desiring service of process by mail or publication under this section (g) shall file a motion verified by the oath of such party or of someone in the party's behalf for an order of service by mail or publication. It shall state the facts authorizing such service, and shall show the efforts, if any, that have been made to obtain personal service and shall give the address, or last known address, of each person to be served or shall state that the address and last known address are unknown. The court, if satisfied that due diligence has been used to obtain personal service or that efforts to obtain the same would have been to no avail, shall:

Colo. R. Civ. P. 4(g).

Colorado courts have found that the determination of insurance benefits confers "in rem" jurisdiction that allows for service by publication. *See Gallegos v. Rocky Mountain Chiropractic Corp.*, 2014 WL 788369, at *3 (D. Colo. Feb. 27, 2014) (citing *Baker v. Young*, 798 P.2d 889, 894 (Colo.1990) (insurer's obligation to defend and indemnify an insured under an automobile liability policy constitutes a non-exempt property interest as needed to assert quasi in rem jurisdiction over a non-resident insured).[1] Similarly here, CIC seeks an adjudication regarding the parties' respective rights and obligations under the CIC insurance policy, which remain in dispute in this otherwise stayed action. As

---

[1] In an unpublished case, the court found, without analysis, that a declaratory relief action did not constitute an "in rem" proceeding that would allow service on a non-resident party by publication. *State Farm Fire & Cas. Co. v. Webb*, 2019 WL 1296632, at *1–3 (D. Colo. Mar. 21, 2019) (declaratory action seeking rights and obligations under policy is not an action in rem as needed to allow for effective service by publication on a non-resident party). But CIC does not seek to serve a Colorado non-resident whose ties to Colorado lie solely in the insurance policy. Rather, CIC seeks to serve residents of Colorado through publication, which is likely to lead to their actual notice of these coverage proceedings, which have been found by other courts to constitute "in rem" proceedings.

6

Bristlecone and Ms. Sherrier are both residents of and/or domiciled in Colorado, service by publication of this in rem proceeding is reasonably calculated to provide both Bristlecone and Ms. Sherrier with actual notice of its commencement. As the objective for effective service will be met through service by publication under these circumstances, CIC requests that the court permit it to serve both Bristlecone and Ms. Sherrier by publication, in the local newspaper Summit Daily News, with notice published once a week for five consecutive weeks.

      **b.**      **Service on Defense Counsel is an effective alternative method to provide actual notice of this action to Bristlecone and Ms. Sherrier**

Alternatively, and to the extent service by publication is not appropriate in this case, CIC's service of process on Bristlecone and Ms. Sherrier through Defense Counsel is appropriate under Colorado Rule of Civil Procedure 4(f):

> (f)    Substituted Service. In the event that a party attempting service of process by personal service under section (e) is unable to accomplish service, and service by publication or mail is not otherwise permitted under section (g), the party may file a motion, supported by an affidavit of the person attempting service, for an order for substituted service. The motion shall state:
>
> (1) the efforts made to obtain personal service and the reason that personal service could not be obtained,
> (2) the identity of the person to whom the party wishes to deliver the process, and
> (3) the address, or last known address of the workplace and residence, if known, of the party upon whom service is to be effected.

Colo. R. Civ. P. 4(f). Such a request is not unique. In fact, in *State Farm Fire & Cas. Co. v. Webb,* 2019 WL 1296632, at *1–3 (D. Colo. Mar. 21, 2019), the court allowed an insurance company to serve process relating to its coverage proceeding on defense counsel

it had retained on the insured's behalf in a related action. In doing so, the court found that service through these means is appropriate because defense counsel was "in the best position to apprise [his client] of the [coverage] action and provide him with the summons and complaint." *Id.* at *2. The court further found that service on defense counsel was "reasonably calculated to give actual notice" to those parties. *Id.* (citing *Peck v. Chiddix Excavating, Inc.*, 2014 WL 4820986 (D. Colo. Sept. 29, 2014); *Contrada, Inc. v. Parsley*, 2010 WL 2943428 (D. Colo. July 21, 2010).

As demonstrated above and in the Affidavit of Jay Graif, CIC has engaged in due diligence to effectively serve both Bristlecone and Ms. Sherrier, but has been unable to do so. Thus, service through their retained Defense Counsel is an effective manner of service. Indeed, as in *Webb*, CIC only seeks to serve Defense Counsel as needed to comply with Rule 4 and provide Bristlecone and Ms. Sherrier with actual notice of this coverage action through Colorado's substituted service rule. *See Webb*, 2019 WL 1296632 at *2 (attorneys not being served as agents under Federal Rule 4(e)(2)(C), but instead under Colorado's substituted service rule, Colorado Rule Civil Procedure 4(f)). As service on Defense Counsel will reasonably ensure that the complaint in this action can be forwarded to Bristlecone and Ms. Sherrier and provide them with actual notice of this coverage lawsuit, service on Defense Counsel is appropriate and falls within the permitted methods of alternative service under Colorado Rule 4(f).

## IV. REQUEST FOR ENLARGEMENT OF TIME FOR SERVICE

As indicated above, CIC has engaged in time-consuming and diligent efforts to serve both Bristlecone and Ms. Sherrier personally or through substitute service, without

having to seek the assistance of this Court. And, CIC has been attempting to do so despite court and business closures, and related stay-at-home orders and delays that have resulted from these circumstances, all of which were out of CIC's control. Despite its diligent efforts during these circumstances, CIC has been unable to effectively serve either Bristlecone or Ms. Sherrier with this coverage action. Thus, CIC requests that this Court provide CIC with an additional 60 days to effectuate service through the means requested in this Motion. *See* Fed. R. Civ. P. 4(m) (allowing extension of time for service of process upon showing of good cause). The additional 60 days is needed to ensure that CIC is able to comply with the requirements of Colorado law that service be published in the local newspaper once a week, for five consecutive weeks. *See* Colo. R. Civ. P. 4(g)(2). As this coverage action has been stayed, no proceedings have taken place and no party to this lawsuit would suffer any prejudice from a 60-day extension of time to serve Bristlecone and Ms. Sherrier. CIC, however, will suffer prejudice if it is not provided additional time to serve through the means sought in this Motion.

## V. CONCLUSION

CIC has been diligent in attempting serve Bristlecone and its owner/director, Ms. Sherrier, despite delays that have arisen through circumstances outside of CIC's control. Despite these efforts, CIC has been unable to serve either party, either personally or through substitute service. Given the futility of traditional service, CIC respectfully requests that this Court allow CIC to serve Bristlecone and Ms. Sherrier by publication in the local newspaper Summit Daily News, or through Defense Counsel (with a copy sent via certified mail to Bristlecone and Ms. Sherrier's last known address). CIC also requests

that this Court provide CIC with an additional 60 days to complete service through the alternative means sought in this Motion.

Dated:  December 18, 2020    Respectfully submitted,

/s/ Jay R. Graif
Jay R. Graif
Jennifer C. Kalvestran
**GUST ROSENFELD, P.L.C.**
1624 Market St., Suite 202
Denver, CO 80202
Telephone:   303.648.4042
Facsimile:    602.254.4878
Email:         jgraif@gustlaw.com
                   jkalvestran@gustlaw.com
Attorneys for Colony Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of December, 2020, I electronically filed the foregoing **VERIFIED MOTION FOR SERVICE BY PUBLICATION OR ON DEFENSE COUNSEL; REQUEST FOR ENLARGEMENT OF TIME** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following at their e-mail addresses:

Marni Nathan Kloster
mkloster@ndm-law.com

Ashley Hernandez-Schlagel
ASchlagel@ndm-law.com

ATTORNEYS FOR DEFENDANT CALDWELL


Michael Nolt, Esq.
michael@coloradolawteam.com


Igor Raykin, Esq.
igor@coloradolawteam.com

ATTORNEYS FOR DEFENDANT R.W.


/s/ Brittany Leonard