**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:20-cv-01269 CMA-STV

COLONY INSURANCE COMPANY,

     Plaintiff,

v.

BRISTLECONE MONTESSORI SCHOOL
RUTHANN SHERRIER
JESSICA TERRIZZI CALDWELL
R.W., a minor, individually and by and through his guardian and next friend, Tina Satch
DOES 1-10,

     Defendants.

---

**PLAINTIFF COLONY INSURANCE COMPANY'S RESPONSE TO THE COURT'S DECEMBER 7, 2020 ORDER TO SHOW CAUSE**

---

Plaintiff Colony Insurance Company ("CIC"), by and through undersigned counsel, hereby responds to this Court's Order to Show Cause why Plaintiff's claims against Defendants Bristlecone Montessori School ("Bristlecone") and Ruthann Sherrier ("Sherrier") (collectively "Defendants") should not be dismissed without prejudice dated December 7, 2020 (ECF No. 30). CIC responds and respectfully requests that the Court decline to issue its Order dismissing the Defendants, and instead grant CIC's Verified Motion for Service by Publication or on Defense Counsel; and Request for Enlargement of Time to Serve (ECF No. 31) ("Motion") as follows:

1

1.      CIC commenced this coverage action against Defendants Bristlecone and Sherrier (and other defendants) on May 5, 2020, which arises out of a lawsuit that was filed in connection with injuries a minor allegedly sustained while attending Bristlecone Montessori School, entitled *R.W., a minor, individually and by and through his guardian and next friend, Tina Satch v. Bristlecone Montessori School, et al.*, filed in Park County, Colorado, Civil Action No. 2019CV30064 ("Underlying Action").

2.      On June 24, 2020, the Court issued a stay of this coverage action, with a Status Conference scheduled for September 24, 2020.

3.      At the status conference on September 24, 2020, the Court issued a discovery stay, which allowed for CIC to continue to attempt service on Bristlecone and Sherrier.

4.      From the date the Summons were issued for Bristlecone and Sherrier, CIC has diligently attempted to serve both Defendants, as required by Federal Rule of Civil Procedure 4.  *See* ECF No. 31.

5.      In particular, CIC caused service to be personally attempted on Bristlecone four (4) times.  *See* ECF No. 31-1, at p. 1-4.

6.      CIC also caused service to be attempted on Bristlecone by certified mail at its last registered agent, and at its principal address.  *See* ECF No. 31-1, p. 1-4.

7.      The attempts at personal service on Bristlecone were unsuccessful, and the certified mailings sent to Bristlecone's principal address and at its last registered agent were returned to CIC's counsel as undeliverable.  *See* ECF No. 31-1, at p. 1-4, Exs. B-D.

2

8.     CIC caused service to be personally attempted on Ms. Sherrier's last known address six (6) times.  *See* ECF No. 31-1, at p. 1-4, Ex. A.

9.     The attempts at personal service on Ms. Sherrier was unsuccessful, and as no one answered the door at her home, no substitute service was possible.  *See* ECF No. 31-1, at p. 1-4, Ex. A.

10.    CIC could not locate any current workplace information for Ms. Sherrier. *See* ECF No. 31-1, at p. 1-4.

11.    These various attempts at service took place despite court and business closures, and related stay-at-home orders and delays that have resulted from these circumstances, all of which were out of CIC's control.

12.    On December 18, 2020, as a result of CIC's failed attempts to perfect service as required by Federal Rule of Civil Procedure 4, CIC filed its Motion, seeking the assistance of this Court to allow CIC to serve Bristlecone and Ms. Sherrier either by publication, or through the defense counsel that CIC appointed after they were effectively served with the Underlying Action and tender of that lawsuit was made to CIC.  *See* ECF No. 31.

13.    In that Motion, CIC also requested that the Court enlarge the time for CIC to effectively serve Bristlecone and Ms. Sherrier through the means requested in that Motion, by 60 days.  *See* ECF No. 31 at p. 8-9.

14.    As this coverage action has been and remains stayed, no proceedings have taken place and no party to this lawsuit would suffer any prejudice from a 60-day

extension of time for CIC to serve Bristlecone and Ms. Sherrier.  *See* ECF No. 31 at p. 8-9.

16.     Thus, and for the reasons set forth above, CIC respectfully requests that the Court decline to issue its Order dismissing Bristlecone and Sherrier from this coverage action, and instead, allow CIC to effectuate service through the means requested in its Motion, and provide CIC with a 60-day extension of time to do so, as requested in its Motion.

Dated:         December 28, 2020         Respectfully submitted,


                                        /s/ Jennifer C. Kalvestran
                                        Jay R. Graif
                                        Jennifer C. Kalvestran
                                        **GUST ROSENFELD, P.L.C.**
                                        1624 Market St.
                                        Suite 202
                                        Denver, CO 80202
                                        Telephone:    303.648.4042
                                        Facsimile:    602.254.4878
                                        Email:        jgraif@gustlaw.com
                                                      jkalvestran@gustlaw.com
                                        Attorneys for Colony Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of December, 2020, I electronically filed the foregoing **PLAINTIFF COLONY INSURANCE COMPANY'S RESPONSE TO THE COURT'S DECEMBER 7, 2020 ORDER TO SHOW CAUSE** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following at their e-mail addresses:

Marni Nathan Kloster
mkloster@ndm-law.com

Ashley Hernandez-Schlagel
ASchlagel@ndm-law.com

ATTORNEYS FOR DEFENDANT CALDWELL


Michael Nolt, Esq.
michael@coloradolawteam.com


Igor Raykin, Esq.
igor@coloradolawteam.com

ATTORNEYS FOR DEFENDANT R.W.


/s/ Brittany Leonard