IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-01269 CMA-STV

COLONY INSURANCE COMPANY,

    Plaintiff,

v.

BRISTLECONE MONTESSORI SCHOOL
RUTHANN SHERRIER
JESSICA TERRIZZI CALDWELL
R.W., a minor, individually and by and through his guardian and next friend, Tina Satch
DOES 1-10,

    Defendants.
_____

## ORDER
_____

Magistrate Judge Scott T. Varholak

This matter is before the Court on Plaintiff Colony Insurance Company's ("CIC") Verified Motion for Service by Publication or on Defense Counsel and Request for Enlargement of Time to Serve Defendants Bristlecone Montessori School and Ruthann Sherrier (the "Motion") [#31]. For the following reasons, the Motion is **GRANTED in part** and **DENIED in part**.

1. **BACKGROUND**

This insurance coverage action arises out of a lawsuit filed in connection with injuries a minor allegedly sustained while attending Bristlecone Montessori School.[1] [#31 at 2] Bristlecone Montessori School ("Bristlecone") is Plaintiff's named insured,

and RuthAnn Sherrier was Bristlecone's owner and director at the time of the injuries alleged in the underlying action; both parties are named defendants in the underlying action. [*Id.*] Plaintiff CIC provided Bristelcone and Sherrier with a defense under a reservation of rights and retained James Murdock at Taylor Anderson, LLP as their defense counsel. [*Id.*] Later, and due to coverage issues that arose in the underlying action, CIC filed the instant action. [*Id.*] However, CIC has been unable to serve either Bristelcone or Sherrier, despite numerous efforts. [*Id.*]

As to Bristlecone, CIC asserts that Bristlecone's last known address has been unoccupied at each of four service attempts, that the building is under construction, and that an individual at the Bristlecone location stated that Bristlecone had not operated at that address for approximately a year. [*Id.* at 3] The Motion further asserts that Bristlecone is listed as "delinquent" on the Colorado Secretary of State website and that mail addressed to Bristelcone's principal place of business was returned to CIC's counsel as unable to forward. [*Id.* at 4] Mail sent to Bristlecone's registered agent at a Post Office Box was also returned as unable to forward. [*Id.*]

CIC further asserts that, as to Sherrier, it was able to locate a last known address; however, during each of CIC's six attempts at personal service Sherrier "never answered the door and a car was always missing from her unit's assigned parking." [*Id.*] CIC was able, however, to confirm from a neighbor that Sherrier did in fact live at that address. [*Id.*] CIC made no further attempts at personal service after the date in which it received confirmation that Sherrier lived at that address. [#31-3] CIC asserts

---

[1] The underlying action is entitled *R.W., a minor, individually and by and through his guardian and next friend, Tina Satch v. Bristlecone Montessori School, et al.*, and was filed in Park County, Colorado, Civil Action No. 2019CV30064. [#31 at 2]

that there were no opportunities for substitute service at Sherrier's last known address and that it was not able to locate Sherrier's current workplace information. [#31 at 4]

CIC has provided the Court an affidavit in support of the Verified Motion [#31-1], as well as affidavits of nonservice on both Bristlecone and Sherrier [#31-3; #31-4]. Accordingly, CIC seeks leave of this Court to serve Bristlecone and Sherrier either through publication or through their defense counsel retained in the underlying action, James Murdock. [*Id.* at 3] CIC also seeks an additional 60 days in which to effect service. [*Id.*]

## 2. ANALYSIS

Although the Federal Rules of Civil Procedure require personal or substitute service, Fed. R. Civ. P. 4(e) permits a party to effect service in accordance with state law, by providing that "unless federal law provides otherwise" an individual or corporation may be served in a judicial district of the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1); Fed. R. Civ. P. 4(h) (a corporation may be served in the manner described for service on individuals under Rule 4(e)(1)).

The Colorado Rules of Civil Procedure allow a party to seek permission for service by publication for in rem proceedings when personal service is not effective:

> (g) Other Service. Except as otherwise provided by law, service by mail or publication shall be allowed only in actions affecting specific property or status or other proceedings in rem. When service is by publication, the complaint need not be published with the summons. The party desiring service of process by mail or publication under this section (g) shall file a motion verified by the oath of such party or of someone in the party's behalf for an order of service by mail or publication. It shall state the facts authorizing such service, and shall show the efforts, if any, that have been

3

> made to obtain personal service and shall give the address, or last known address, of each person to be served or shall state that the address and last known address are unknown. The court, if satisfied that due diligence has been used to obtain personal service or that efforts to obtain the same would have been to no avail, shall [permit service by mail or publication].

Colo. R. Civ. P. 4(g).

Where a party is unable to effectuate personal service and where service by mail or publication is not permitted under Colorado Rule of Civil Procedure 4(g), "the party may file a motion, supported by an affidavit of the person attempting service, for an order for substituted service." Colo. R. Civ. P. 4(f). The motion must detail the efforts made at personal service and their reason for failure, "the identity of the person whom the party wishes to deliver the process," and the last known address of the party upon whom service is to be effected. *Id.* The Court may authorize alternative service if it is satisfied that due diligence has been used to attempt personal service, that further service attempts would be to no avail, and that the person to whom delivery of process is proposed is "appropriate under the circumstances and reasonably calculated to give actual notice to the party upon whom service is to be effective." *Id.*

In Colorado, "generally service of process on an attorney of record is improper unless the attorney has been specifically authorized by his client to accept service." *State Farm Fire & Cas. Co. v. Webb*, No. 18-CV-02722-WYD-NRN, 2019 WL 1296632, at *2 (D. Colo. Mar. 21, 2019) (citing *Bardahl Mfg. Corp. v. Dist. Ct. In and For Jefferson Cnty.*, 372 P.2d 447 (Colo. 1962); *see also ReMine ex rel. Liley v. Dist. Ct. for Cty. and Cnty. Denv.*, 709 P.2d 1379, 1381 (Colo. 1985) (noting that substituted service statutes "are in derogation of common law and must be strictly construed"). "But at least one Colorado court has suggested that service on an attorney may be proper under Colorado's separate agent-service rule where the attorney is impliedly authorized to

4

accept service." Allstate Ins. Co., v. Cruz, No. 20-cv-03139-DDD-MEH, 2020 WL 7421389, at *1 (D. Colo. Nov. 18, 2020) (citing *Southerlin v. Auto. Elecs. Corp.*, 773 P.2d 599, 601 (Colo. App. 1988), *disapproved of on other grounds* by *First Nat. Bank of Telluride v. Fleisher*, 2 P.3d 706 (Colo. 2000)). In general, service must comply with due process such that it is "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

First, CIC requests leave to effect service by publication. CIC asserts that "Colorado courts have found that the determination of insurance benefits confers 'in rem' jurisdiction that allows for service by publication." *See Gallegos v. Rocky Mountain Chiropractic Corp.*, 2014 WL 788369, at *3 (D. Colo. Feb. 27, 2014); *Baker v. Young*, 798 P.2d 889, 894 (Colo.1990) (insurer's obligation to defend and indemnify an insured under an automobile liability policy constitutes a non-exempt property interest as needed to assert quasi in rem jurisdiction over a non-resident insured). As CIC notes, however, other Courts in this District have declined to permit in rem service under similarly situated declaratory judgment insurance cases. *See State Farm Fire and Cas. Co.*, 2019 WL 1296632, at *1. And CIC provides no Colorado case law specific to service under this provision in an action such as this. The state of the briefing therefore gives the Court pause as to permitting service by publication in this case.

In any event, the Court is not satisfied that "due diligence has been used to obtain personal service or that efforts to obtain the same would have been to no avail." Colo. R. Civ. P. 4(g); *see also* Colo. R. Civ. P. 4(f). Although CIC made six attempts to

5

personally serve Defendant Sherrier, its last attempt was made on August 7, 2020. [#31-3]  This Motion was filed on December 18, 2020 and CIC makes no assertion as to efforts made in the intervening months.  [*See generally* #31]  Additionally, CIC made no additional attempts at personal service after the date on which it received confirmation of Sherrier's address.  [#31-3]  The Motion further makes no factual allegations suggesting that Sherrier is in fact avoiding service, rather than simply not at home at the times service was attempted.[2]  The Court is therefore not convinced that further efforts to effect personal service on Defendant Sherrier would be to no avail, nor that CIC is unable to locate additional work or residential addresses for service after several months of inaction.  *See Allstate Ins. Co.*, 2020 WL 7421389, at *2 (declining to permit alternate service under Colorado law where further efforts may effectuate personal service).  The Court therefore declines to find that substitute service is appropriate at this time, although it does not foreclose such a future finding.

Although CIC has provided evidence of more recent attempts at service or contact with Bristlestone, including an attempt at mail contact as recently as October 26, 2020,  [#31-6], like with Defendant Sherrier, CIC relies primarily on information from several months ago.  [## 31-4; 31-5]  Additional information and efforts are therefore necessary to satisfy the Court that CIC has engaged in due diligence, as required by the Colorado Rules of Civil Procedure.

Accordingly, the Verified Motion for Service by Publication or on Defense Counsel and Request for Enlargement of Time to Serve Defendants Bristlecone Montessori School and Ruthann Sherrier [#31] is **GRANTED in part and DENIED in**

---

[2] The Court notes that the parking space for the address was empty on each attempt and that the

**part**.  The Motion is **GRANTED** to the extent Plaintiff seeks an extension of time to serve Defendants.  The Court grants an extension of 30 days from the date of this Order for Plaintiff to make additional service attempts.  Accordingly, the Order to Show Cause [#30] is **DISCHARGED**.  The Motion is **DENIED WITHOUT PREJUDICE** to the extent Plaintiff seeks to serve Defendants by alternate publication or through defense counsel.  If Plaintiff is unable to effect personal service after diligent effort during the granted extension, Plaintiff may renew its motion for alternate service.  If Plaintiff renews such a motion, it shall include additional caselaw supporting service under Colorado Rules of Civil Procedures 4(f) and 4(g).

It is further **ORDERED** that the Status Conference set for January 12, 2021 at 11:00 AM is **VACATED** and **RESET** for February 17, 2021 for 11:00 AM.


DATED: January 5, 2021                              BY THE COURT:

                                               s/Scott T. Varholak
                                               United States Magistrate Judge

---

process server never saw Sherrier.  [#31-3]