**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:20-cv-01269 CMA-STV

COLONY INSURANCE COMPANY,

     Plaintiff,

v.

BRISTLECONE MONTESSORI SCHOOL
RUTHANN SHERRIER
JESSICA TERRIZZI CALDWELL
R.W., a minor, individually and by and through his guardian and next friend, Tina Satch
DOES 1-10,

     Defendants.

---

**SECOND VERIFIED MOTION FOR ALTERNATIVE SERVICE OF
DEFENDANT BRISTLECONE MONTESSORI SCHOOL AND FOR
ENLARGEMENT OF TIME**

---

Plaintiff Colony Insurance Company ("CIC"), by and through undersigned counsel, pursuant to Fed. R. Civ. P. (4) and the attached Affidavit of Jay R. Graif, incorporated herein by reference, moves the Court for an Order confirming that service on Ruthann Sherrier ("Ms. Sherrier") as a representative of Bristlecone Montessori School ("Bristlecone") was effective.  In the alternative, CIC requests that the Court authorize service of the Summons and Complaint on Bristlecone through:  1) one of its board members; 2) defense counsel that CIC retained on Bristlecone's behalf in the underlying liability action; or 3) by publication through Summit Daily News, as Colorado law does

1

not provide any effective means to serve this entity without first obtaining Court permission to do so.  In support of this Motion, CIC states as follows:

## CONFERRAL

In accordance with D.C.Colo.LCivR 7.1, counsel for this Plaintiff hereby confirms that they have conferred with defendant Ruthann Sherrier (pro se) as to whether she was authorized to accept service on behalf of defendant Bristlecone Montessori School, and have been advised that she disputes whether Bristlecone was effectively served through her.

## I.     INTRODUCTION

This insurance coverage action arises out of a lawsuit that was filed in connection with injuries a minor allegedly sustained while attending Bristlecone Montessori School, entitled *R.W., a minor, individually and by and through his guardian and next friend, Tina Satch v. Bristlecone Montessori School, et al.*, filed in Park County, Colorado, Civil Action No. 2019CV30064 ("Underlying Action").  Bristlecone Montessori School is a defendant in the Underlying Action, and is also CIC's named insured. While Bristlecone was served in the Underlying Action through a Director at its principal place of business in 2019, since that time the facility ceased to exist, its registered agent has resigned and was not replaced, and it is listed as "delinquent" with the Colorado Secretary of State.

Bristlecone subsequently tendered the Underlying Action to CIC.  CIC agreed to provide Bristlecone with a defense under a reservation of rights, and retained James Murdock at Taylor Anderson, LLP, 1670 Broadway, Suite 900, Denver, Colorado, 80202

("Defense Counsel") as Bristlecone's defense counsel.

CIC filed this coverage action as a result of the coverage issues that arose in connection with the Underlying Action.  Given Bristlecone's current corporate status, its non-existent principal place of business, and its lack of a registered agent, CIC has been unable to serve Bristlecone through the methods permitted by Colorado state and federal law.  CIC, however, has been able to serve another defendant in this coverage case, Ms. Sherrier, who was also a "director" of Bristlecone prior to its delinquent status and other relative non-existence.  While Ms. Sherrier has disputed whether she is a person authorized to receive service on behalf of Bristlecone, CIC nonetheless asks that this Court confirm that service on Ms. Sherrier as effective as a result of her role as a "director" of Bristlecone while it was an active company, and because she retains current knowledge of the person most appropriate to receive the pleadings and appear on behalf of Bristlecone.

In the alternative, CIC seeks the permission of this Court to serve Bristlecone through one of the following methods:  1) service on one of the last known board members of Bristlecone, as provided by Ms. Sherrier; 2)  through defense counsel that CIC retained on Bristlecone's behalf in the Underlying Action; or 3) publication in the local newspaper Summit Daily News.  CIC also requests that the Court continue the April 6, 2021 status conference for 45 days and allow CIC that same 45 days to effectuate service on Bristlecone.  This enlargement of time and continuance of the April 6, 2021 status conference will also allow Bristlecone an opportunity to make an appearance and otherwise respond to CIC's Complaint.  As this coverage action remains stayed, no party will suffer any prejudice should such an extension be granted.

## II.      FACTUAL BACKGROUND

### A.      Bristlecone no longer exists

As indicated in CIC's first motion for alternative service, CIC has attempted to serve Bristlecone at its currently registered and last known principal place of business, located at 272 N. Main Street, Alma, Colorado, 80420.  (*See* Affidavit of Jay R. Graif ("Graif Aff."), at ¶ 2-3, Ex. A).  This method of service is permitted by Colorado state and federal law. But the Bristlecone building has been gutted, construction equipment was located in the parking lot and an individual on the site indicated that Bristlecone had not operated at its last known address for approximately a year.  (*Id.* at ¶ 4, Ex.  A).  CIC has also attempted to serve Bristlecone through mail at this last principal place of business address, but for obvious reasons, it was returned as "undeliverable." (*Id.* at ¶ 5, Ex. B).  Indeed, the address listed with the Secretary of State is the only known physical address.  (*Id.* at ¶ 7, Ex.  C). Google Maps lists the same physical address for Bristlecone, but notes the school is "permanently closed".  (*Id.* at ¶ 8, Ex. D).  Given these circumstances, it is impossible to serve Bristlecone at its principal place of business.

Colorado state and federal law also allows CIC to serve Bristlecone through its registered agent.  But Bristlecone's last registered agent, Bethany Boland, resigned on June 19, 2019, and a new registered agent has not been appointed, despite Colorado law requiring Bristlecone to do so.  (*Id.* at ¶ 9, Ex. C)  CIC nonetheless attempted to serve this last-known registered agent, but it, too, was returned as "undeliverable."  (*Id.* at ¶ 10, Ex. E).

Finally, Colorado state and federal law allows CIC to serve an "owner" or "director" of a corporation.  In fact, Bristlecone was served in this manner in the Underlying Action in 2019, through a Director named Brandi Arts ("Ms. Arts") (when the entity was still in existence).  (*Id.* at ¶ 13, Ex. G).  Like Ms. Arts, Ruthann Sherrier - an individual named in both the Underlying Action and this coverage action - was also a "Director" of Bristlecone. (*Id.* at ¶ 15, Ex. H; See also Underlying Complaint, attached as Ex. H).  Not only was Ms. Sherrier a Director of Bristlecone, but she was also listed as a "contact name" for insurance issues.  (*Id.* at ¶ 16, Ex. I).  In these roles, CIC concluded that Ms. Sherrier may be the most appropriate person to serve on behalf of Bristlecone, and she was served with CIC's complaint on behalf of Bristlecone on January 18, 2021.

Ms. Sherrier, however, has argued that she is not the appropriate person to serve on behalf of Bristlecone.  (*Id.* at ¶ 17, Ex. J).  In so arguing, she provided CIC with a list of board members of this delinquent non-profit who could be served (as well as other, various corporate documents).  (*Id.* at ¶ 18, Ex. K).  CIC has been unable to locate any "owner" of Bristlecone, and Ms. Sherrier has indicated that as a non-profit, no such "owner" exists. (*Id.* at ¶ 19).

III.   **THE COURT SHOULD ALLOW CIC TO SERVE BRISTLECONE THROUGH NON-TRADITIONAL MEANS**

   A.   **The service rules anticipate that the person most appropriate to respond on behalf of Bristlecone would receive notice of the lawsuit.**

Although personal service of process is the preferred method to provide notice of court proceedings, other methods may be used when personal service proves futile.  *See, e.g., Coppinger v. Coppinger*, 130 Colo. 175, 177, 274 P.2d 328, 330 (1954).  While the

5

federal rules themselves require personal or substitute service, Federal Rule of Civil

Procedure 4(e) also allows a party to follow Colorado state law regarding service:

> (e)     Serving an Individual Within a Judicial District of the United States. Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:
>
>> (1)     following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>>
>> * * *

Fed. R. Civ. P. 4(e)(1); *see also* Fed. R. Civ. P. 4(e)(2) (also allowing for personal or

substituted service).  And, federal rule 4(h) finds that a corporation must be served in same

manner as an individual.  *See* Fed. R. Civ. P. 4(h) (a corporation must be served in the

manner described for service on individuals under Rule 4(e)(1), or by delivery or mailing

the complaint on an officer, managing or general agent, or any other authorized agent).

The purpose of this requirement for serving process and a copy of the complaint upon a

party defendant is to give that party notice of the commencement of the proceedings so that

the party has an opportunity to attend and to prepare a defense. *Grooms v. Greyhound*

*Corp.*, 287 F.2d 95 (6th Cir.1961).

CIC's attempts to serve Bristlecone personally or through substituted or other

service permitted under Rule 4 have been unsuccessful.  Indeed, CIC has attempted to serve

Bristlecone at its principal place of business and through its (resigned) registered agent.

As these traditional means have been unsuccessful, CIC requests that this Court permit

service on Bristlecone through non-traditional means.  Those alternative, non-traditional

means include a finding that service on Ms. Sherrier on behalf of Bristlecone was effective

because she was a former "director" of Bristlecone and has current knowledge of where to forward the papers to ensure a response on behalf of Bristlecone.  Should the Court find this manner of service insufficient, CIC asks that the Court permit service on one of the last known board members for Bristlecone, through retained Defense Counsel, or by publication, as permitted by Colorado state rules and incorporated into Rule 4.  CIC also requests that the Court continue the April 6, 2021 status conference for 45 days and allow CIC that same 45 days to effectuate service on Bristlecone.  This enlargement of time and continuance of the April 6, 2021 status conference will also allow Bristlecone an opportunity to make an appearance and otherwise respond to CIC's Complaint.

> **B.    Service on Ms. Sherrier is effective because she knows who should receive Bristlecone's service papers and ensure a response on its behalf.**

As indicated above, CIC has attempted to serve Bristlecone through traditional means, such as at its principal place of business, and through its registered agent.  But Bristlecone's physical principal place of business no longer exists, and its registered agent has resigned, with no replacement appointed.  (Graif Aff. ¶¶ 2-7, Exs. A-C).

At the time the Underlying Action was filed in or about 2019, however, its business was in existence, and service was made on a "director" of Bristlecone at its principal place of business.  (*Id.* at ¶ 13, G).  As Bristlecone is now listed as "delinquent" with the Colorado Secretary of State, CIC's options for service have become limited.  Indeed, Colorado state law allows unincorporated non-profits to be served on a registered agent, an officer, or managing or general agent, or "a person authorized to participate in management of its affairs":

a summons and complaint must be served on an agent authorized by appointment to receive service of process, an officer, a managing or general agent, or a person authorized to participate in the management of its affairs. If none of them can be served, service may be made on a member who may participate in the selection of persons authorized to manage the affairs of the nonprofit association or in the development of policy of the nonprofit association.

Colo. Rev. Stat. Ann. § 7-30-113.  Ms. Sherrier, who is a defendant in the Underlying Action and in this lawsuit, has been described as a "director" of Bristlecone, and she has been noted as the person to handle insurance matters.  Moreover, Ms. Sherrier has knowledge of Bristlecone's board members, and she otherwise possesses information regarding the management of Bristlecone's affairs.  As such, Ms. Sherrier may be properly designated as a person authorized to accept service on behalf of Bristlecone.  Alternatively, service on Bristlecone through Ms. Sherrier is effective because it can be ensured that Bristlecone will receive actual notice of the lawsuit, as Ms. Sherrier possesses knowledge of the person who should receive papers and ensure a response is submitted on behalf of Bristlecone.

### C.    Service on Bristlecone's board members or Defense Counsel will ensure Bristlecone is provided actual notice and opportunity to respond

In the alternative, CIC asks that this Court grant CIC permission to serve Bristlecone through one of its board members, or through Defendant Counsel as appropriate under Colorado Rule of Civil Procedure 4(f):

(f)    Substituted Service. In the event that a party attempting service of process by personal service under section (e) is unable to accomplish service, and service by publication or mail is not otherwise permitted under section (g), the party may file a motion, supported by an affidavit of the person attempting service, for an order for substituted service. The motion shall state:

> (1)     the efforts made to obtain personal service and the reason that personal service could not be obtained,
>
> (2)     the identity of the person to whom the party wishes to deliver the process, and
>
> (3)     the address, or last known address of the workplace and residence, if known, of the party upon whom service is to be effected.

Colo. R. Civ. P. 4(f).  As detailed above, it is impossible to personally serve Bristlecone as its physical principal place of business no longer exists, its registered agent has resigned with no substitution in place, and the entity is listed as "delinquent" with the Secretary of State.  (Graif Aff. ¶¶ 7-8, Exs. C-D).  Indeed, CIC has attempted to personally serve Bristlecone, or alternatively, through its registered agent, but it is impossible to serve Bristlecone through these methods.  Under these circumstances, service as contemplated by Colorado Rule of Civil Procedure 4(e) is futile.  Thus, service of process through Rule 4(f) should be permitted.

### 1.     Service on board members is appropriate as they are involved in Bristlecone's management

First, CIC asks that this Court permit it to serve Bristlecone through one of its board members.  Ms. Sherrier has provided a list of board members at the time of the incident at issue in the Underlying Action, and those most recently known at this time.  The names provided by Ms. Sherrier appear to coincide with some of the inforamation that CIC has located through the Secretary of State's documents filed in 2019, including George Benecke, Caroline Burns, and John Burns.  (*Id.* ¶¶ 17-18, Exs. J-K).  As there are no officers, registered agent, general agent, or other representative authorized to receive service on behalf of Bristlecone, service on these board members is a sufficient alternative

because they are involved in the management of Bristlecone.  As such, the board members will ensure that Bristlecone enters an appearance and otherwise responds to this lawsuit, thus complying with the spirit and purpose of Rule 4(e)(1).

### 2. Service on Defense Counsel is an effective alternative method to provide actual notice of this action to Bristlecone

As a second alternative, CIC asks that this Court permit it to serve Bristlecone through Defense Counsel.  As CIC has previously indicated, such a request is not unique under these circumstances.  In fact, in *State Farm Fire & Cas. Co. v. Webb,* 2019 WL 1296632, at *1–3 (D. Colo. Mar. 21, 2019), the court allowed an insurance company to serve process relating to its coverage proceeding on defense counsel it had retained on the insured's behalf in a related action.  In doing so, the court found that service through these means is appropriate because defense counsel was "in the best position to apprise [his client] of the [coverage] action and provide him with the summons and complaint." *Id.* at *2.  The court further found that service on defense counsel was "reasonably calculated to give actual notice" to those parties. *Id.* (citing *Peck v. Chiddix Excavating, Inc.*, 2014 WL 4820986 (D. Colo. Sept. 29, 2014); *Contrada, Inc. v. Parsley*, 2010 WL 2943428 (D. Colo. July 21, 2010).

As demonstrated above and in the Affidavit of Jay R. Graif, CIC has engaged in due diligence to effectively serve Bristlecone, but has been unable to do so.  Thus, service through their retained Defense Counsel is an effective manner of service.  Indeed, as in *Webb*, CIC only seeks to serve Defense Counsel as needed to comply with Rule 4 and provide Bristlecone with actual notice of this coverage action through Colorado's

substituted service rule. *See Webb*, 2019 WL 1296632 at \*2 (attorneys not being served as agents under Federal Rule 4(e)(2)(C), but instead under Colorado's substituted service rule, Colorado Rule Civil Procedure 4(f)). As service on Defense Counsel will reasonably ensure that the complaint in this action can be forwarded to the most appropriate representative of Bristlecone, ensuring that Bristlecone appears and otherwise responds to this lawsuit, this method of service also complies with the spirit and purpose of Rule 4(f).

**D.      Service by publication may be appropriate as it is reasonably calculated to provide actual notice of this action.**

Finally, should the Court find that service on Ms. Sherrier was not effective, or that service on one of Bristlecone's board members or Defense Counsel strays too far from the intent of Colorado state and federal rules governing service, CIC asks that this Court allow CIC to serve Bristlecone through publication. The Colorado Rules of Civil Procedure allows a party to seek permission for service by publication for in rem proceedings when personal service is futile:

> (g)      Other Service. Except as otherwise provided by law, service by mail or publication shall be allowed only in actions affecting specific property or status or other proceedings in rem. When service is by publication, the complaint need not be published with the summons. The party desiring service of process by mail or publication under this section (g) shall file a motion verified by the oath of such party or of someone in the party's behalf for an order of service by mail or publication. It shall state the facts authorizing such service, and shall show the efforts, if any, that have been made to obtain personal service and shall give the address, or last known address, of each person to be served or shall state that the address and last known address are unknown. The court, if satisfied that due diligence has been used to obtain personal service or that efforts to obtain the same would have been to no avail, shall:

Colo. R. Civ. P. 4(g).

Colorado courts have found, in some instances, that the determination of insurance benefits confers "in rem" jurisdiction that allows for service by publication. *See Gallegos v. Rocky Mountain Chiropractic Corp.*, 2014 WL 788369, at *3 (D. Colo. Feb. 27, 2014) (citing *Baker v. Young*, 798 P.2d 889, 894 (Colo.1990) (insurer's obligation to defend and indemnify an insured under an automobile liability policy constitutes a non-exempt property interest as needed to assert quasi in rem jurisdiction over a non-resident insured).[1] Similarly here, CIC seeks an adjudication regarding the parties' respective rights and obligations under the CIC insurance policy, which remain in dispute in this otherwise stayed action. As Bristlecone is domiciled in Colorado, service by publication of this proceeding is reasonably calculated to provide Bristlecone with actual notice of its commencement and an opportunity to respond on its behalf.

## IV. REQUEST FOR ENLARGEMENT OF TIME FOR SERVICE

As indicated above, CIC has engaged in time-consuming and diligent efforts to serve Bristlecone personally or through substitute service as generally permitted by Colorado state and federal law. Indeed, with the Court's prior approval for additional time,

---

[1] In making this request, CIC is cognizant of the Court's prior ruling noting inconsistent precedent as to whether a declaratory relief action constitutes an "in rem" proceeding that would allow service on a non-resident party by publication. *State Farm Fire & Cas. Co. v. Webb*, 2019 WL 1296632, at *1–3 (D. Colo. Mar. 21, 2019) (declaratory action seeking rights and obligations under policy is not an action in rem as needed to allow for effective service by publication on a non-resident party). As such, CIC has requested that the Court permit service by publication as a last resort – and if the other proposed alternatives for service detailed in this motion are deemed insufficient to provide Bristlecone with actual notice of this lawsuit and an opportunity to respond. Should the Court find that service by publication is the only permitted manner of service in this case, CIC would appreciate the opportunity to supplement its briefing on the "in rem" issue.

CIC was able to serve Ms. Sherrier in California.  However, given Bristlecone's current corporate status, as well as its lack of a registered agent or physical location, CIC is unable to serve Bristlecone through traditional means.  For these reasons, CIC requests that it continue the April 6, 2021 status conference for 45 days and allow CIC that same 45 days to effectuate service on Bristlecone.  This enlargement of time and continuance of the April 6, 2021, status conference will also allow Bristlecone an opportunity to make an appearance and otherwise respond to CIC's Complaint.  As this coverage action has been and remains stayed, no proceedings have taken place and no party to this lawsuit would suffer any prejudice from an additional extension of time to serve Bristlecone. CIC, however, will suffer prejudice if it is not provided additional time to serve through the means sought in this Motion.

## V.    CONCLUSION

CIC has been diligent in attempting serve Bristlecone. Despite these efforts, CIC has been unable to serve Bristlecone, either personally or through substitute service. As permitted through traditional means under Colorado state and federal rules.  Given the futility of traditional service, CIC respectfully requests that this Court either find that service on Bristlecone through Ms. Sherrier was effective and permit her time to forward the pleadings to Bristlecone and allow Bristlecone to respond, or allow CIC to serve Bristlecone through one of their last known board members, through Defense Counsel, or by publication in the local newspaper Summit Daily News (with a copy sent via certified mail to Bristlecone last known address as required by the Rules, to the extent this is possible).  CIC also requests that this Court extend the extend the April 6 status conference

for 45 days in order to allow CIC to complete service through the alternative means sought

in this Motion and allow Bristlecone to respond.

Dated:  March 18, 2021                    Respectfully submitted,


                                          /s/ Jay R. Graif
                                          Jay R. Graif
                                          Jennifer C. Kalvestran
                                          **GUST ROSENFELD, P.L.C.**
                                          1624 Market St., Suite 202
                                          Denver, CO 80202
                                          Telephone:    303.648.4042
                                          Facsimile:    602.254.4878
                                          Email:        jgraif@gustlaw.com
                                                        jkalvestran@gustlaw.com
                                          Attorneys for Colony Insurance Company

14

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of March, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following at their e-mail addresses:

Marni Nathan Kloster
mkloster@ndm-law.com

Ashley Hernandez-Schlagel
ASchlagel@ndm-law.com

ATTORNEYS FOR DEFENDANT CALDWELL

Michael Nolt, Esq.
michael@coloradolawteam.com

Igor Raykin, Esq.
igor@coloradolawteam.com

ATTORNEYS FOR DEFENDANT R.W.


I also hereby certify that on this 18th day of March, 2021, I e-mailed and mailed a copy to the following:

Ruthann Sherrier
910 Jones Street
Berkeley, CA 94710


/s/ Brittany Leonard