IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-01269 CMA-STV

COLONY INSURANCE COMPANY,

    Plaintiff,

v.

BRISTLECONE MONTESSORI SCHOOL
RUTHANN SHERRIER
JESSICA TERRIZZI CALDWELL
R.W., a minor, individually and by and through his guardian and next friend, Tina Satch
DOES 1-10,

    Defendants.

---

**[PROPOSED] ORDER RE: SECOND VERIFIED MOTION FOR ALTERNATIVE SERVICE ON DEFENDANT BRISTLECONE MONTESSORI SCHOOL AND FOR ENLARGEMENT OF TIME**

---

    Plaintiff Colony Insurance Company's ("CIC") Second Verified Motion for Alternative Service on defendant Bristlecone Montessori School ("Motion") came on regularly for hearing on _____, 2021 at __:__ a.m./p.m., Honorable Scott T. Varholak presiding. All interested parties appeared and were represented by counsel.

    After considering the points and authorities submitted by the parties, arguments of counsel and all other evidence presented to the Court, the Court finds as follows:

    1.    CIC's Motion is **GRANTED**.

1

2. CIC has engaged in due diligence to serve Bristlecone Montessori School ("Bristlecone") through personal or substituted service, as set forth in Federal Rule of Civil Procedure 4(h) and Colorado Rule of Civil Procedure 4(e).

3. Bristlecone has registered with the Colorado Secretary of State its principal place of business as located at 272 N. Main Street, Alma, Colorado, 80420. CIC attempted to serve Bristlecone at this address, but the building has been gutted, construction equipment was located in the parking lot and an individual on the site indicated that Bristlecone had not operated at its last known address for approximately a year.

4. CIC has also attempted to serve Bristlecone through mail at this last principal place of business address, but it was returned as "undeliverable."

5. The principal place of business listed with the Secretary of State is the only known physical address. Google Maps lists the same physical address for Bristlecone, but notes the school is "permanently closed".

6. Service on Bristlecone through the methods approved by Federal Rule of Civil Procedure 4 and Colorado Rule of Civil Procedure 4 are futile.

7. CIC has not located, and no information is otherwise provided, indicating that there is any current owner (and none exists for this non-profit corporation), officer, registered agent, general agent, or other representative authorized to receive service on behalf of Bristlecone.

8. Service on Bristlecone through Ms. Ruthanne Sherrier constitutes effective service, because Ms. Sherrier was a "director" of a now-defunct non-profit corporation; she is noted as the individual to handle coverage matters for Bristlecone; she possesses

knowledge of the most appropriate individual to appear and otherwise respond on behalf of Bristlecone; and the information otherwise indicates that she was involved in the management of Bristlecone.

9. As such, service on Bristlecone through Ms. Sherrier complies with the purpose and spirit of Federal Rule of Civil Procedure 4(e), which is to provide a defendant with notice of the proceedings and an opportunity to respond. Fed. R. Civ. P. 4(e); *Grooms v. Greyhound Corp.*, 287 F.2d 95 (6th Cir.1961).

10. In the alternative, CIC may serve Bristlecone through one of its board members: 1) John Burns; 2) Caroline Burns; or 3) George Benecke. With no owner, officers, or directors, service on these board members offer a sufficient alternative for service on behalf of Bristlecone because these individual board members are involved in the management of Bristlecone.

11. As such, service on Bristlecone through these board members will ensure that Bristlecone receives actual notice of the commencement of this lawsuit, and offers Bristlecone the opportunity to enter an appearance and otherwise respond to this lawsuit, thus complying with the spirit and purpose of Rule 4(e)(1), which is to provide a defendant with notice of the proceedings and an opportunity to respond. Fed. R. Civ. P. 4(e); *Grooms v. Greyhound Corp.*, 287 F.2d 95 (6th Cir.1961).

12. As a second alternative, CIC may serve Bristlecone through the defense counsel that CIC retained on its behalf in the underlying lawsuit entitled *R.W., a minor, individually and by and through his guardian and next friend, Tina Satch v. Bristlecone Montessori School, et al.*, filed in Park County, Colorado, Civil Action No. 2019CV30064.

3

13. Service on Bristlecone through its defense counsel will ensure that Bristlecone receives actual notice of the commencement of this lawsuit, and offers Bristlecone the opportunity to enter an appearance and otherwise respond to this lawsuit, thus complying with the spirit and purpose of Rule 4(e)(1), which is to provide a defendant with notice of the proceedings and an opportunity to respond. Fed. R. Civ. P. 4(e); *Grooms v. Greyhound Corp.*, 287 F.2d 95 (6th Cir.1961).

14. As set forth in Paragraph 13, service on defense counsel shall be made personally, as follows: James Murdock at Taylor Anderson, LLP, 1670 Broadway, Suite 900, Denver, Colorado, 80202. Proof of such service shall be subsequently filed with this Court.

15. As a final alternative, CIC may serve Bristlecone through publication in the local newspaper Summit Daily News, with notice being published once each week for five successive weeks. Proof of such publication shall be subsequently filed with this Court.

16. As Bristlecone has no actual physical address, CIC is not required to serve the summons and complaint on Bristlecone via U.S. mail, certified mailing, at their last known addresses, return receipt requested.

17. The Court extends the April 6 status conference for 45 days and allows CIC a 45-day extension of time to effectively serve Bristlecone as set forth in this Order.

18. This enlargement of time and continuance of the April 6, 2021 status conference will also allow Bristlecone an opportunity to make an appearance and otherwise respond to CIC's Complaint.

IT IS SO ORDERED.

5

Dated: _____, 2021              BY THE COURT:

                                                                                            _____
Scott T. Varholak
United States Magistrate Judge