**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 20-cv-01269 CMA-STV

COLONY INSURANCE COMPANY,

    Plaintiff,

v.

BRISTLECONE MONTESSORI SCHOOL
RUTHANN SHERRIER
JESSICA TERRIZZI CALDWELL
R.W., a minor, individually and by and through his guardian and next friend, Tina Satch
DOES 1-10,

    Defendants.

_____

**ORDER**
_____

Magistrate Judge Scott T. Varholak

    This matter is before the Court on Plaintiff Colony Insurance Company's ("CIC") Second Verified Motion for Alternate Service of Defendant Bristlecone Montessori School and for Enlargement of Time (the "Motion") [#41], which has been referred to this Court [#42]. For the following reasons, the Motion is **GRANTED**.

**1. BACKGROUND**

    This insurance coverage action arises out of a lawsuit filed in connection with injuries a minor allegedly sustained while attending Bristlecone Montessori School.[1] [#41 at 2] Bristlecone Montessori School ("Bristlecone") is Plaintiff's named insured, and is named as a defendant in the underlying action. [*Id.*] Plaintiff CIC provided

Bristlecone with a defense under a reservation of rights and retained James Murdock at Taylor Anderson, LLP as their defense counsel. [#41-1 at 4]  Later, and due to coverage issues that arose in the underlying action, CIC filed the instant action. [*Id.*] CIC has been unable to serve Bristlecone, despite numerous efforts. [#41 at 4]

CIC previously moved for alternative service of Bristlecone, which this Court denied, finding that CIC had not made sufficient attempts at service to satisfy the Court that alternative service was necessary. [*See generally* #34]  In this renewed motion, CIC asserts that it attempted to serve Bristlecone at its last known place of business, by mail, and through its registered agent. [#41 at 4]  It further asserts that Bristlecone's last known address is under construction and that Bristlecone had not operated at that address for approximately a year. [*Id.*]  Google Maps lists the school as "permanently closed." [*Id.*]  Bristlecone's last registered agent has resigned and a new registered agent has not been appointed. [*Id.*]  Bristlecone has attempted to serve a former Director of Bristlecone—Ms. Ruthann Sherrier—but she asserts that she is not an appropriate person to serve on behalf of Bristlecone. [*Id.* at 5]  CIC has been unable to locate any "owner" of Bristlecone and Ms. Sherrier indicates that no such owner exists. [*Id.*]  Bristlecone is listed as "delinquent" with the Colorado Secretary of State for failure to file a periodic report. [#41-1 at 2]

CIC has provided the Court an affidavit in support of the Verified Motion [#41-1], as well as affidavits of nonservice and other documentation of service attempts [##41-3; 41-6; 41-8]. Accordingly, CIC seeks leave of this Court to serve Bristlecone either

---

[1] The underlying action is entitled *R.W., a minor, individually and by and through his guardian and next friend, Tina Satch v. Bristlecone Montessori School, et al.*, and was filed in Park County, Colorado, Civil Action No. 2019CV30064. [#41 at 2]

through the defense counsel retained in the underlying action, James Murdock; through Ms. Sherrier; or through Bristlecone's board members. [#41 at 6-11] CIC also seeks additional time in which to effect service. [*Id.*]

## 2. ANALYSIS

Federal Rule of Civil Procedure 4 governs service of a summons and complaint. Pursuant to Rule 4(e)(1), an individual within a judicial district of the United States may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Colorado Rule of Civil Procedure 4(f) authorizes substitute service. When the party attempting service "is unable to accomplish service . . . the party may file a motion, supported by an affidavit of the person attempting service, for an order for substituted service." Such a motion shall state:

> (1) The efforts made to obtain personal service and the reason that personal service could not be obtained, (2) the identity of the person to whom the party wishes to deliver the process, and (3) the address, or last known address of the workplace and residence, if known, of the party upon whom service is to be effected.

Colo. R. Civ. P. 4(f).

If the court is satisfied that due diligence has been used to attempt personal service, that further attempts to obtain personal service would be to no avail, and that the person to whom delivery of the process is directed is appropriate under the circumstances and reasonably calculated to give actual notice to the party upon whom service is to be effective, it shall: "(1) authorize delivery to be made to the person deemed appropriate for service, and (2) order the process to be mailed to the address(es) of the party to be served by substituted service, as set forth in the motion, on or before the date of delivery." Colo. R. Civ. P. 4(f). For substitute service to be

3

valid, it must comport with due process by being calculated "to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

The Court is now satisfied that "due diligence has been used to obtain personal service or that efforts to obtain the same would have been to no avail." Colo. R. Civ. P. 4(g); *see also* Colo. R. Civ. P. 4(f). Plaintiff has made numerous attempts to serve Bristlecone and all evidence suggests that the organization is no longer operational. The Court finds that there are no identifiable authorized agents to receive service on behalf of Bristlecone and that further attempts at traditional service would be to no avail.

The Court further finds that service upon Ms. Sherrier and Bristlecone's board members is appropriate because they are involved in the management of Bristlecone. The Court also finds that service upon Bristlecone's defense counsel in the underlying matter, James Murdock, is appropriate because he is "in the best position to apprise [his client] of the [coverage] action and provide him with the summons and complaint" and is "reasonably calculated to give actual notice." *State Farm Fire & Cas. Co. v. Webb*, 2019 WL1296632, at *1–3 (D. Colo. Mar. 21, 2019); *see also Allstate Ins. Co., v. Cruz*, No. 20-cv-03139-DDD-MEH, 2020 WL 7421389, at *1 (D. Colo. Nov. 18, 2020) ("[S]ervice on an attorney may be proper under Colorado's separate agent-service rule."). Finally, the Court finds that service upon these individuals is calculated under the circumstances to provide Bristlecone with notice of this action and afford it an opportunity to mount a defense. *Mullane*, 339 U.S. at 314.

Accordingly, the Verified Motion for Service by Publication or on Defense Counsel and Request for Enlargement of Time to Serve Defendants Bristlecone Montessori School [#41] is **GRANTED**.

It is **ORDERED** that Plaintiff shall provide substituted service of process to the following individuals pursuant to Colo. R. Civ. P. 4(f):

(1)  Ruthann Sherrier;

(2)  Each of Bristlecone's identified board members, including Audrey Benecke, George Benecke, Caroline Burns, and John Burns. [## 41-11; 41-12]; and,

(3)  Bristlecone's defense counsel in the underlying matter, James Murdock at Taylor Anderson, LLP.

It is further **ORDERED** that Plaintiff shall have an extension of time up to and including May 17, 2021, in which to effect service upon Defendant Bristlecone.

It is further **ORDERED** that the Status Conference set for April 6, 2021 at 10:15 AM is **VACATED** and **RESET** for May 25, 2021 at 9:15 AM.

The Clerk of the Court is instructed to mail a copy of this Order to Defendant Ruthann Sherrier.

DATED: March 29, 2021                                          BY THE COURT:

                                                                          s/Scott T. Varholak
                                                            United States Magistrate Judge