IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-01269 CMA-STV

COLONY INSURANCE COMPANY,

    Plaintiff,

v.

BRISTLECONE MONTESSORI SCHOOL
RUTHANN SHERRIER
JESSICA TERRIZZI CALDWELL
R.W., a minor, individually and by and through his guardian and next friend, Tina Satch
DOES 1-10,

    Defendants.

---

**COLONY INSURANCE COMPANY'S MOTION TO STRIKE BRISTLECONE MONTESSORI SCHOOL'S ANSWER TO COMPLAINT**

---

Plaintiff Colony Insurance Company (CIC), hereby submits its Motion to Strike defendant Bristlecone Montessori School's (Bristlecone) purported Answer to Complaint filed May 17, 2021 (*See* ECF No. 48) and all statements therein because it was filed by an unrepresented individual who expressly asserts that she has no authority to speak on behalf of or otherwise represent Bristlecone. Moreover, the purported answer, as a whole, otherwise fails to substantively respond to any of the allegations set forth or claims made in CIC's Complaint seeking declaratory relief as to its duty to defend or indemnify Bristlecone in an underlying liability action. Given the impertinent and/or immaterial

nature of Bristlecone's purported answer, it is appropriate to strike this pleading pursuant to Federal Rule of Civil Procedure 12(f). Indeed, CIC will suffer prejudice if it is forced to actively litigate its claims against a party that has demonstrated no intent to participate in these proceedings, and with no ability to seek effective relief against Bristlecone.

## CONFERRAL

CIC moves to strike defendant Bristlecone Montessori School's purported answer to CIC's complaint (Motion) as a whole, and to all statements made therein, pursuant to Federal Rule of Civil Procedure 12(f). Colorado Local Rule 7.1(b)(2) provides that a moving party need not confer prior to filing a motion under Rule 12.

## FACTUAL BACKGROUND

The service of CIC's complaint on Bristlecone has been a long and winding journey. After (unsuccessful) attempts to personally serve Bristlecone, CIC filed two successive motions for alternative service, the second of which was granted with direction to serve six individuals who would most likely provide actual notice of these proceedings to Bristlecone. (*See* ECF Nos. 31; 32; 41; 43). Based on the differing dates of personal service on those individuals, Bristlecone was required to respond, at the latest, by April 29, 2021. (*See* ECF Nos. 44; 45; 46). Bristlecone, however, did not respond. Regardless, and given Bristlecone's delinquent corporate status and other unique circumstances regarding service of process, CIC sent a letter to each of the individuals it personally served on behalf of Bristlecone, advised of the default status, and provided Bristlecone with the opportunity to cure by May 17, 2021. (*See* Exhibit 1).

On May 17, 2021, Ms. Sherrier purported to file an answer on behalf of Bristlecone. (*See* ECF No. 48). Ms. Sherrier is not an attorney, however, and has appeared on her own behalf as an individual defendant in this lawsuit. (*See* ECF Nos. 38; 39).

Moreover, the purported answer does not respond to any of the allegations in CIC's complaint seeking declaratory relief as to its obligation to defend and indemnify Bristlecone in a liability action. (*See* ECF No. 1). Indeed, Bristlecone's purported answer responded to none of the 48 allegations set forth in CIC's Complaint regarding the allegations made and damages sought in the Underlying Action, the CIC policy terms, or the cause of action seeking declaratory relief. In fact, Bristlecone's purported answer does not otherwise discuss any insurance coverage or insurance policy issues at all, generally or specifically.

Rather, and while unclear, Ms. Sherrier appears to state the following in Bristlecone's purported answer: 1) Bristlecone is not a viable entity; 2) certain documents filed with the Colorado Secretary of State incorrectly named her as a representative of Bristlecone; 3) she was not employed by Bristlecone at the time it closed; 4) she was unaware that certain individuals were personally served on behalf of Bristlecone; and 5) she is not authorized to speak on behalf of Bristlecone and does not intend to act on behalf of Bristlecone in these proceedings; and 6) there is no information indicating that any other Bristlecone representative intends to act on behalf of Bristlecone in these proceedings. (*See* ECF No. 48).

# ARGUMENT

### a.  The Federal Rules allow the Court to strike improperly filed pleadings

The Federal Rules of Civil Procedure allow the Court to strike an improperly filed pleading, including an answer to a complaint:

> (f)  Motion to Strike. The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
>
> (1)  on its own; or
>
> (2)  on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Fed. R. Civ. P. 12(f)

Bristlecone's purported answer is impertinent and falls within Rule 12(f) because it was filed by a non-attorney who specifically stated that she does not have the authority to speak on behalf of Bristlecone. The purported answer also falls within Rule 12(f) because there are no statements in this pleading that substantively responds to any of the allegations or claims made against Bristlecone in CIC's Complaint. Finally, CIC will suffer prejudice if the purported answer is not stricken pursuant to Rule 12 because it will be not able to move for default, nor will CIC be able to obtain any other effective relief against Bristlecone as it has demonstrated no intent to participate in this lawsuit despite the filing of the purported answer. As Bristlecone's purported answer was filed by a non-attorney and otherwise fails to set forth any matter that is related to any of the allegations made or claims raised in CIC's complaint, it is proper to strike it pursuant to Rule 12(f).

### b. Ms. Sherrier is a non-attorney who is prohibited from responding on behalf of a corporation.

Ms. Sherrier filed a purported answer on behalf of Bristlecone, a non-profit corporation. (*See* ECF No. 48). But she is not an attorney and cannot respond on behalf of a corporation as a matter of law. It is well-established that in general, "a corporation cannot appear through a non-attorney corporate officer appearing pro se." *Harrison v. Wahatoyas, L.L.C.*, 253 F.3d 552, 556–57 (10th Cir. 2001). Rather, a "corporation or other business entity can only appear in court through an attorney at law." *Flora Constr. Co. v. Fireman's Fund Ins. Co.,* 307 F.2d 413, 414 (10th Cir. 1962). Courts have stricken pleadings that have been improperly filed by a pro se party on behalf of a corporation. *See Bunn v. Perdue*, 966 F.3d 1094, 1098 (10th Cir. 2020) (citing *Nato Indian Nation v. Utah*, 76 F. App'x 854, 856-57 (10th Cir. 2003) (unpublished) (court struck a docketing statement filed by a non-lawyer who was not entitled to represent "a corporation, other business entity, or non-profit organization"). For this reason alone, it is proper to strike the purported answer filed on behalf of Bristlecone by non-attorney Ms. Sherrier, as she was not authorized to do so as a matter of law.

### c. The purported answer is otherwise impertinent and should be stricken.

The contents of the purported answer filed on behalf of Bristlecone are impertinent and/or immaterial and it must be stricken on this basis, as well. Although motions to strike are generally disfavored, they are nonetheless permitted when circumstances are appropriate. Indeed, courts have found that pleadings should be stricken as impertinent and immaterial if "no evidence in support of the allegation would be admissible," or if the

allegations are "so unrelated to plaintiff's claims as to be unworthy of any consideration." *United States v. Shell Oil Co.*, 605 F. Supp. 1064, 1085 (D. Colo. 1985) (citations omitted); *see also Rawson v. Sears Roebuck & Co.*, 585 F. Supp. 1393, 1397 (D. Colo. 1984) ("Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question.") (citation omitted).

In this instance, Bristlecone's purported answer does not address the allegations in CIC's complaint at all. Rather, it makes inaccurate and/or speculative claims relating to Bristlecone's corporate status; the employment/authority of certain Bristlecone representatives; the status of service of process on Bristlecone; and assertions that Bristlecone has no intent to participate in these proceedings. None of these assertions would constitute admissible evidence relating to the factual allegations and legal claims asserted in CIC's complaint, as they are not relevant to the coverage issues raised in that pleading and would be excluded from Federal Rules of Evidence 401/402. Moreover, given their inaccurate and speculative nature, the assertions in the purported answer would only confuse the issues in contravention of Federal Rules of Evidence 403. Finally, all of the statements made in Bristlecone's purported answer are so unrelated to the allegations and claims made in CIC's complaint that they are not otherwise worthy of consideration. The defects in Bristlecone's purported answer fall squarely within the impertinent and immaterial content as detailed in Rule 12(f), and the entire answer and all assertions made therein must be stricken.

### d. CIC will suffer prejudice if the purported answer is not stricken.

On the other hand, CIC will suffer prejudice if Bristlecone's purported answer is not stricken. *See Sierra Club v. Tri–State Generation and Transmission Ass'n, Inc.*, 173 F.R.D. 275, 285 (D. Colo. Feb. 6, 1997) (moving party must usually make a showing of prejudice before the court will grant motion to strike). To that end, CIC will not be able to seek a default judgment against Bristlecone if its purported answer remains on file, thus unduly complicating the proceedings relating to the irrelevant issues raised in Bristlecone's purported answer, despite Bristlecone's demonstrated intent to eschew this case. *See Sierra Club v. Tri-State Generation & Transmission Ass'n, Inc.*, 173 F.R.D. 275, 285 (D. Colo. 1997) (purpose of Rule 12(f) is to conserve time and resources by avoiding litigation of issues which will not affect the outcome of a case). Moreover, CIC would not be able to effectively engage in written discovery, deposition or motion practice, nor could CIC seek any other effective relief from Bristlecone, as Bristlecone does not intend to participate in this lawsuit despite the improperly filed purported answer. Given the real prejudice CIC will suffer if it is required to actively litigate its claims against Bristlecone, it is proper to strike Bristlecone's purported answer and allow CIC to seek default or other relief as necessary.

## CONCLUSION

Bristlecone's purported answer to CIC's complaint was filed by a non-attorney and should be stricken on this basis alone. But the purported answer otherwise fails to respond to any of the allegations or claims made in CIC's Complaint. Rather, it sets forth inaccurate, irrelevant, and/or speculative claims relating to Bristlecone's corporate status,

the representatives authorized to act on behalf of Bristlecone, and the status of service on Bristlecone.  For these reasons, CIC respectfully requests that this Court strike Bristlecone's purported answer pursuant to Federal Rule of Civil Procedure 12(f) on the basis that it is impertinent and/or immaterial so that CIC does not suffer prejudice in the obligation to litigate its claims against a party that has no intent to participate in these proceedings.

Dated:  June 4, 2021.                              Respectfully submitted,


                                                   /s/ Jennifer C. Kalvestran
                                                   Jay R. Graif
                                                   Jennifer C. Kalvestran
                                                   **GUST ROSENFELD, P.L.C.**
                                                   1624 Market St., Suite 202
                                                   Denver, CO 80202
                                                   Telephone:    303.648.4042
                                                   Facsimile:    602.254.4878
                                                   Email:        jgraif@gustlaw.com
                                                                 jkalvestran@gustlaw.com
                                                   Attorneys for Colony Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of June, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following at their e-mail addresses:

Marni Nathan Kloster
mkloster@ndm-law.com

Ashley Hernandez-Schlagel
ASchlagel@ndm-law.com

ATTORNEYS FOR DEFENDANT CALDWELL

Michael Nolt, Esq.
michael@coloradolawteam.com

Igor Raykin, Esq.
igor@coloradolawteam.com

ATTORNEYS FOR DEFENDANT R.W.


I also hereby certify that on this 4th day of June, 2021, I e-mailed and mailed a copy to the following:

Ruthann Sherrier
910 Jones Street
Berkeley, CA 94710
rrphyss75@gmail.com


/s/ Brittany Leonard

4127530.1

9