IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-01269 RMR-STV

COLONY INSURANCE COMPANY,

    Plaintiff,

v.

BRISTLECONE MONTESSORI SCHOOL
RUTHANN SHERRIER
JESSICA TERRIZZI CALDWELL
R.W., a minor, individually and by and through his guardian and next friend, Tina Satch
DOES 1-10,

    Defendants.

---

**PLAINTIFF COLONY INSURANCE COMPANY'S <u>UNOPPOSED</u> MOTION FOR LEAVE TO AMEND COMPLAINT**

---

Plaintiff Colony Insurance Company (CIC), hereby submits its Unopposed Motion for Leave to Amend its Complaint (ECF 1) pursuant to Federal Rules of Civil Procedure 15(a) and D.C.Colo.LCivR 15.1(a).  The proposed First Amended Complaint is attached to this Motion as **Exhibit A**.

### CONFERRAL

In accordance with D.C.Colo.LCivR 15.1, counsel for CIC confirms that they conferred with other parties and/or their counsel.  Defendant R.W. does not oppose the proposed amended complaint.  Defendant Ruthann Sherrier did not respond to the request for conferral.  Bristlecone has not made an appearance, its response has been stricken, and,

as a delinquent and otherwise non-existent entity, there is no individual with whom to confer.  Defendant Jessica Caldwell asked that CIC include the following statement into this certification of conferral:

> Counsel for Ms. Caldwell has advised that procedurally she will not oppose the motion to amend, but Ms. Caldwell continues to assert the arguments she has previously raised about this case and the need for a stay and she reserves all defenses and potential counterclaims she may have.

CIC's response to Ms. Caldwell's conferral statement is that CIC understands the stay of this matter only relates to discovery issues.

## INTRODUCTION

This lawsuit currently seeks declarations of insurance coverage related to the liability action entitled *R.W., a minor, individually and by and through his guardian and next friend, Tina Satch v. Bristlecone Montessori School, et al.*, filed in Park County, Colorado, Civil Action No. 2019CV30064 ("Underlying Action").  In CIC's original Complaint, CIC sought a declaration relating to the $25,000.00 "burning" sublimit in the policy at issue applies to the Underlying Action (if any indemnity obligation exists at all), among other issues.[1]  When CIC filed its Complaint, the sublimit had not yet been exhausted.

---

[1] Under a "burning limit" insurance policy, the indemnity limits are reduced by the attorney's fees and other costs expended by the insurance company in the defense of the underlying liability lawsuit.  Thus, as the costs to defend the third party claim increase, the indemnity coverage available to settle that claim decreases.  *See* Document No. 1 at ¶¶ 35-36; 44(j.-k.); *Harper Constr. Co., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 377 F. Supp. 3d 1134, 1148 (S.D. Cal. 2019).

Early in this litigation, defendant Jessica Terrizzi Caldwell (Caldwell) filed a motion to stay on the basis that CIC seeks an "anticipatory" declaratory judgment as to coverage. On June 24, 2020, the Court originally granted Caldwell's motion to stay this matter, on the basis that adjudicating the coverage issues in this action may prejudice the liability issues in the Underlying Action. Later clarifying that only discovery is stayed in this coverage matter, it has remained in effect while the proceedings in the Underlying Action have moved forward, along with the necessary defense costs incurred.

Those defense costs incurred and paid have exceeded $25,000.00, thus exhausting the Policy's sublimit. Now that the sublimit has been exhausted, CIC's claim for reimbursement is ripe and CIC seeks to amend its complaint and put this claim at issue. CIC asks that this Court permit the filing of CIC's proposed First Amended Complaint, which Defendants do not oppose, attached to this Motion as **Exhibit A**.

## ARGUMENT

While the Court has the discretion whether to grant a motion seeking leave to amend, leave should be freely granted where justice requires. *Midcities Metro. Dist. No. 1 v. U.S. Bank Nat'l Ass'n*, 44 F. Supp. 3d 1062, 1065–66 (D. Colo. 2014). The Court's discretion in this regard may be guided by considering whether: (1) the amendment will result in undue prejudice; (2) the request to amend was inexplicably delayed; (3) the amendment was offered in good faith; and (4) the party had sufficient opportunity to state a claim and failed. *Nicholls v. Zurich Am. Ins. Grp.*, 244 F. Supp. 2d 1144, 1153 (D. Colo. 2003) (citing *Las Vegas Ice and Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185

(10th Cir.1990)). In this instance, all of these factors weigh in favor of permitting CIC to amend its complaint.

CIC's claim for reimbursement was not ripe until the $25,000.00 sublimit was actually exhausted through payment of defense costs, and CIC is moving to amend its complaint in a timely manner, after the issues of service on and the response by Bristlecone was settled. Thus, there was no undue or inexplicable delay in CIC's Motion. Moreover, as this coverage action remains stayed, no party will suffer any prejudice by allowing CIC to amend its complaint now, to assert the reimbursement claim. Indeed, Defendants do not oppose this motion. Finally, while CIC has not sought to amend its complaint until the $25,000.00 sublimit was actually exhausted, CIC has reserved its right to seek reimbursement of any amounts in excess of $25,000.00 in its correspondence to Bristlecone, Ms. Caldwell, and Ms. Sherrier, thus providing these Defendants with prior notice of CIC's intent to pursue this claim at the appropriate time.

## CONCLUSION

CIC's Unopposed Motion to Amend its complaint is timely made and seeks relief that comes as no surprise to the defendants in this case. Moreover, as this coverage action has remained stayed to avoid prejudice to the litigation of the Underlying Action, none of the defendants will suffer undue prejudice if the Court grants CIC's motion to amend and permits the filing of CIC's proposed First Amended Complaint. For these reasons, CIC respectfully requests that this Court grant CIC's motion to amend, which Defendants do not oppose, pursuant to Federal Rule of Civil Procedure 15(a) and permit the filing of CIC's proposed First Amended Complaint.

Dated:  July 19, 2021	Respectfully submitted,


/s/ Jennifer C. Kalvestran
Jay R. Graif
Jennifer C. Kalvestran
**GUST ROSENFELD, P.L.C.**
1624 Market St., Suite 202
Denver, CO 80202
Telephone:	303.648.4042
Facsimile:	602.254.4878
Email:	jgraif@gustlaw.com
	jkalvestran@gustlaw.com
Attorneys for Colony Insurance Company


### CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of July, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following at their e-mail addresses:

Marni Nathan Kloster
mkloster@ndm-law.com

Ashley Hernandez-Schlagel
ASchlagel@ndm-law.com

ATTORNEYS FOR DEFENDANT CALDWELL

Michael Nolt, Esq.
michael@coloradolawteam.com

Igor Raykin, Esq.
igor@coloradolawteam.com

ATTORNEYS FOR DEFENDANT R.W.

      I also hereby certify that on this 19th day of July, 2021, I e-mailed and mailed a copy to the following:

Ruthann Sherrier
910 Jones Street
Berkeley, CA 94710


/s/ Brittany Leonard

4159119.1

6