# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLORADO

Civil Action No.  1:20-cv-01269- RMR-STV

COLONY INSURANCE COMPANY,

     Plaintiff,

v.

BRISTLECONE MONTESSORI SCHOOL
RUTHANN SHERRIER
JESSICA TERRIZZI CALDWELL
R.W., a minor, individually and by and through his guardian and next friend, Tina Satch
DOES 1-10,

     Defendants.

---

## PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT

---

     NOW COMES the Plaintiff, Colony Insurance Company and for its First Amended Complaint for Declaratory Relief and Reimbursement against Bristlecone Montessori School; Ruthann Sherrier; Jessica Terrizzi Caldwell; R.W., a minor, individually and by and through his guardian and next friend, Tina Satch; and Does 1-10, and each of them, states and alleges as follows:

1

## THE PARTIES

1.      Plaintiff Colony Insurance Company is incorporated under the laws of the state of Virginia, with its principal place of business located in Richmond, Virginia.

2.      Defendant Bristlecone Montessori School was, at all relevant times, incorporated under the laws of the state of Colorado, with its principal place of business located in Alma, Colorado.

3.      Upon information and belief, defendant Ruthann Sherrier is an individual who, at all relevant times, was domiciled in the state of Colorado, and she currently resides in Park County, Colorado.

4.      Upon information and belief, defendant Jessica Terrizzi Caldwell was, at all relevant times, an individual who is domiciled in the state of Colorado, and she currently resides in Park County, Colorado.

5.      Upon information and belief, defendant R.W., a minor, individually and by and through his guardian and next friend, Tina Satch was, at all relevant times, an individual who is domiciled in the state of Colorado, and she currently resides in Park County, Colorado.

6.      Colony is informed and believes and thereon alleges that at all times herein mentioned each Defendant, in addition to acting for himself, herself, or itself, and on his, her or its own behalf individually, are and were acting as the agent, servant, employee, representative, principal, partner, associate, joint venturer and/or co-conspirator of, and with the knowledge, consent and permission of, each and all of the other said Defendants

and within the course, scope and authority of said agency, service, employment, representation, partnership, association, joint venture and/or conspiracy.

7.     The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants named herein as Does 1-10, inclusive, are unknown to Colony, which therefore brings suit against said defendants by such fictitious names.  Colony will seek leave to amend this First Amended Complaint to show their true names and capacities when the same have been ascertained. Colony is informed and believes that each of the defendants named as Doe is liable to Colony for the matters alleged below.

## JURISDICTION

8.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. Section 1332 because there is complete diversity of citizenship among the parties to this action, and the amount in controversy exceeds $75,000, exclusive of costs and interest.

## VENUE

9.     Venue is proper pursuant to 28 U.S.C. Section 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred or is occurring within this judicial district.  In particular, the insurance policies at issue in this matter were issued in this judicial district and/or relate to claims that arose in this judicial district, for which the parties' respective, alleged obligations arose.

## GENERAL ALLEGATIONS

10.     On or about September 10, 2019, R.W., a minor, by and through his guardian and next friend, Tina Satch ("Plaintiffs"), brought an action against Bristlecone, Ms. Sherrier and Ms. Caldwell in the Park County District Court of Colorado, entitled *R.W., a*

3

*minor, individually and by and through his guardian and next friend, Tina Satch v. Bristlecone Montessori School, et al.*, court file number 2019CV030064 ("Underlying Action"). Plaintiffs filed a First Amended Complaint ("FAC") in the Underlying Action on or about March 9, 2020. The FAC filed in the Underlying Action is incorporated here by reference as though fully set forth at length, not for the truth of the allegations therein, but as a basis for bringing this First Amended Complaint.

11.    In the Underlying Action, Plaintiffs allege that R.W. attended Bristlecone, and that from September to December 2018, another child (S.O.) that also attended Bristlecone repeatedly bullied, sexually abused and assaulted R.W. while school was in session.

12.    In the Underlying Action, Plaintiffs allege that these alleged acts included incidents in which S.O. allegedly kicked and punched R.W. on various parts of his body, including his penis and testicles; grabbed R.W. and pressed his face against metal playground equipment until his nose bled; pushed R.W. to the ground several times and not let him up; and trapped R.W. in a wooden log storage box.

13.    In the Underlying Action, it is alleged that S.O. twisted R.W.'s arm and threatened to break it if R.W. did not join a secret privates club; showed R.W. pornographic material; and locked R.W. in a bathroom and sexually assaulted him.

14.    Plaintiffs also allege in the Underlying Action that they reported the incidents to representatives of Bristlecone, including its Director Ms. Sherrier and its Assistant Director Ms. Caldwell, but that defendants failed to investigate the complaints of R.W.'s alleged assaults or protect him from further assaults and otherwise failed, in general, to

4

adequately supervise or monitor S.O. and other students, particularly in light of R.W.'s complaints.

15.    Plaintiffs seek damages for the physical, psychological and emotional injuries R.W. allegedly suffered and for which he has been seeking treatment.

16.    Bristlecone, Ms. Sherrier and Ms. Caldwell tendered the Underlying Action to Colony, seeking payment of defense and indemnity costs allegedly incurred or to be incurred with respect to the Underlying Action.

17.    Ms. Sherrier has not yet been served with the Underlying Action.

18.17.  Colony issued to Bristlecone Commercial Package Policy number 101 PKG 0059653-02, which was in effect from July 27, 2018 to July 27, 2019 ("Policy").

19.18.  Colony agreed to provide a defense to Bristlecone and Caldwell in the Underlying Action under the Policy, subject to a full reservation of Colony's rights, including but not limited to the right to seek reimbursement of all defense fees and costs incurred and paid in the Underlying Action.

20.19.  Colony contends that if it owes any indemnity obligations under the Policy, those indemnity obligations are limited by Endorsements U233-0511 and U013-0511, below.

21.20.  The insuring agreement for Coverage A under the general liability coverage provides in relevant part as follows:

    **1.**    **Insuring Agreement**

        a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.

We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

\* \* \*

~~22.~~21.   Pursuant to Endorsement U036-0914, the following is added to the insuring agreement:

We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" resulting from the rendering of or failure to render services in connection with the operation of the insured's business as a daycare service provider.

~~23.~~22.   The insuring agreement in ISO CG 00 01 04 13 continues:

b.   This insurance applies to "bodily injury" and "property damage" only if:

(1)   The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

(2)   The "bodily injury" or "property damage" occurs during the policy period; and

(3)   Prior to the policy period, no insured listed under Paragraph 1. of Section II —Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will

6

be deemed to have been known prior to the policy period.

24.23. The Policy defines the term "bodily injury" as bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time."

25.24. Moreover, an "occurrence" is defined in the Policy as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

26.25. Coverage Part A of the general liability coverage part includes the following exclusion:

This insurance does not apply to:

**a.     Expected or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

27.26. Coverage Part A of the general liability coverage part includes the following exclusion:

This insurance does not apply to:

**o.     Personal And Advertising Injury**

"Bodily injury" arising out of "personal and advertising injury".

28.27. The insuring agreement for Coverage B under the general liability coverage part provides in relevant part as follows:

**1.     Insuring Agreement**

a.     We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We

7

> will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply....

29.28. Coverage Part B defines a "personal and advertising injury" in relevant part as follows:

> [I]njury, including consequential "bodily injury" arising out of one or more of the following offenses:
>
> a.    False arrest, detention or imprisonment;
>
> * * *

30.29. Coverage Part B of the general liability coverage part includes the following exclusion:

> This insurance does not apply to:
>
> **a.    Knowing Violation of Right of Another**
>
> "Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

31.30. Coverage Part B of the general liability coverage part includes the following exclusion:

> This insurance does not apply to:
>
> **d.    Criminal Acts**
>
> "Personal and advertising injury" arising out of a criminal act committed by or at the direction of the insured.

8

32.31. Coverage Part B of the general liability coverage part includes the following exclusion:

> This insurance does not apply to:
>
> **f.     Breach Of Contract**
>
> > "Personal and advertising injury" arising out of a breach of contract, except an implied contract to use another's advertising idea in your "advertisement".

33.32. The Policy defines who qualifies as an insured, as follows:

> **SECTION II – WHO IS AN INSURED**
>
> 1.     If you are designated in the Declarations as:
>
> * * *
>
> > d.     An organization other than a partnership, joint venture or limited liability company, you are an insured.  Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors.  * * *
>
> > * * *

34.33. The Policy defines an "executive officer" as "a person holding any of the officer positions created by your charter, constitution, bylaws or any other similar governing document."

35.34. The Policy continues:

> 2.      Each of the following is also an insured:
>
> > a.     Your * * * "employees" other than your "executive officers," * * * but only for acts within the scope of their employment by you while performing duties related to the conduct of your business.  * * *

36.35. Pursuant to Endorsement U036-0914, the following was added to Paragraph

2. of Who Is An Insured:

> However, your "employees" are insured with respect to their
> providing or failing to provide services as a day care worker in
> connection with your business.

37.36. Pursuant to Endorsement U013-0511, the Policy includes a Sexual Abuse or

Molestation Coverage Limitation to both Coverage A and Coverage B of the general

liability coverage part, as follows:

> **Sexual Abuse or Molestation – Employees, Volunteers or
> Temporary Workers**
>
> This insurance does not apply to:
>
> (1)   "Bodily injury", "property damage" or "personal and
>       advertising injury" arising out of the actual or threatened
>       sexual abuse or molestation:
>
>       (a)   by anyone of any "employee", "volunteer worker" or
>             "temporary worker"; or
>
>       (b)   of any person by any cleric, elder or officer of any
>             religious institution that owns, operates or directs the
>             operation of the insured.

38.37. Also pursuant to Endorsement U013-0511, the Limits of Insurance under

Coverage A and Coverage B of the general liability coverage part are modified as follows:

> The most we will pay under **SECTION I – COVERAGES,
> COVERAGE A BODILY INJURY AND PROPERTY DAMAGE
> LIABILITY, and COVERAGE B PERSONAL AND
> ADVERTISING INJURY LIABILITY** for claims and/or "suits"
> made against you resulting from actual or threatened sexual abuse or
> molestation by anyone of any person while in the care, custody or
> control of the Named Insured, is shown below for this coverage:
>
> $25,000 Each Claim / $50,000 Aggregate

10

The Each Claim Limit is the most we will pay as damages because of sexual abuse or molestation sustained and expenses incurred in the defense and adjustment of claims and/or "suits asserted in any one claim and/or "suit". All claims for damages made by one of more persons because of any one act or series of acts of sexual abuse or molestation shall be deemed to be one claim.

The Aggregate Limit is the most, subject to the Each Claim Limit, we will pay as damages because of such claims and/or "suits" regardless of how many persons assert such claims and/or "suits".

The Each Claim and Aggregate Limits described above are the most we will pay regardless of the number of insureds. These Limits of Insurance are subject to and not in addition to the General Aggregate Limit shown in the Declarations of the policy.  Payments under these Limits of Insurance are part of and erode the policy General Aggregate Limit of Insurance shown in the Declarations.

C.    For the purposes of the Limits of Insurance provided under this endorsement, the following applies:

For any coverage for actual or threatened sexual abuse or molestation that may also be provided under an "Assault", "Battery" or "Assault and Battery" Coverage Sub-Limited Endorsement made a part of this policy, such coverage will be limited to the highest limit applicable. This single highest limit will be the most we will pay for any one claim for any covered actual or threatened sexual abuse or molestation.

~~39.~~38.  Pursuant to Endorsement U233-0511, the Policy includes an Assault, Battery

or Assault and Battery Coverage Limitation Including Expenses to both Coverage A and

Coverage B of the general liability coverage part, as follows:

A.    **SECTION III — LIMITS OF INSURANCE** is amended to include the following:

The most we will pay under **SECTION I —COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, and COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY** for claims and/or "suits"

11

made against you, any insured, any person, any entity or by any means whatsoever resulting from:

a.      "Assault", "Battery" or "Assault and Battery" caused, directly or indirectly, by you, any insured, any person, any entity or by any means whatsoever;

b.      the failure to suppress or prevent "Assault", "Battery" or "Assault and Battery" by you, any insured, any person, any entity or by any means whatsoever;

c.      the failure to provide an environment safe from "Assault", "Battery" or "Assault and Battery";

d.      the failure to warn of the dangers of the environment which could contribute to "Assault", "Battery" or "Assault and Battery";

e.      "Assault", "Battery" or "Assault and Battery" resulting from the negligent employment, investigation, hiring, supervision, training or retention of any person;

f.      the use of any force to protect persons or property whether or not the "bodily injury", "property damage" or "personal and advertising injury" was intended from the standpoint of you, any insured or any person or committed by or at the direction of you, any insured or any person;

g.      the failure to render or secure medical treatment or care necessitated by any "Assault", "Battery" or "Assault and Battery"; or

h.      death, including allegations of wrongful death, resulting from items a. through g. listed above.

and to which this insurance applies is shown below for this coverage:

Each Occurrence Limit      $25,000
Aggregate Limit            $50,000

The Each Occurrence Limit is the most we will pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" sustained and expenses incurred in the defense

and adjustment of claims and/or "suits" asserted in any one claim and/or "suit". All claims for damages made by one or more persons because of any one act or series of acts of "Assault", "Battery" or "Assault and Battery" shall be deemed to be one claim.

The Aggregate Limit is the most, subject to the Each Occurrence Limit, we will pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" sustained and expenses incurred in the defense and adjustment of claims and/or "suits" regardless of how many persons assert claims or "suits" against you, any insured or any person.

The Each Occurrence and Aggregate Limits described above are the most we will pay regardless of the number of insureds. These Limits of Insurance are subject to and not in addition to the General Aggregate Limit shown in the Declarations of the policy. Payments under these Limits of Insurance are part of and erode the policy General Aggregate Limit of Insurance shown in the Declarations.

B.      For the purposes of the Limits of Insurance provided under this endorsement:

1.      any actual or threatened "Assault", "Battery" or "Assault and Battery" that is included under this endorsement shall not be considered to fall within the definition of "Assault", "Battery" or "Assault and Battery" found in any Sexual Abuse or Molestation Exclusion that may be a part of this policy; or

2.      for any coverage for actual or threatened "Assault", "Battery" or "Assault and Battery" that may also be considered as covered under a Sexual Abuse or Molestation Limitation Endorsement made a part of this policy, such coverage will be limited to the highest limit applicable. This single highest limit will be the most we will pay for any one claim for any covered actual or threatened "Assault", "Battery" or "Assault and Battery".

40.39. The Endorsement defines the term "assault" as follows:

a.      an intentional or unintentional act, including but not limited to sexual abuse, sexual assault, intimidation, sexual harassment, verbal abuse, or any threatened harmful or offensive contact

13

between two or more persons creating an apprehension in another of immediate harmful or offensive contact; or

b.    an attempt to commit a "Battery".

41.40. Moreover, the Endorsement defines a "battery" as "an intentional or unintentional act, including but not limited to sexual abuse, sexual battery, sexual molestation, or any actual harmful or offensive contact between two or more persons which brings about harmful or offensive contact to another or anything connected to another. Finally, the term "Assault and Battery" is defined in the Endorsement as "the combination of an 'assault' and a 'Battery'.

41.    Colony offered the Policy's sublimit to Plaintiffs in the Underlying Action on November 15, 2019, less any applicable fees and costs. Plaintiffs rejected the settlement offer, however, and litigation proceeded, with the accompanying expenditure of additional defense fees and costs.

42.    Colony has paid in excess of the $25,000.00 sublimit in connection with the defense fees and costs expended in the Underlying Action.

43.    Colony is informed and believes, and on this basis alleges, that additional defense fees and costs incurred in connection with the Underlying Action will be submitted to Colony for payment during the pendency of this proceeding, which will also be subject to Colony's reimbursement claim.

**COUNT I – DECLARATORY RELIEF**

**(Against All Defendants)**

14

42.44.  Colony repeats and re-alleges paragraphs 1 through 442 as if fully set forth herein.

43.45.  An actual and present controversy exists between Colony on the one hand, and Defendants on the other hand, and each of them, with respect to the terms, conditions, and/or exclusions of the Policy that Colony issued to Bristlecone.

44.46.  In particular, Colony contends that it has no obligation under the Policy to indemnify any judgment or settlement reached in the Underlying Action, for the following reasons:

    a.    Plaintiffs' alleged injuries do not constitute "bodily injury" as defined in Coverage Part A of the Policy.

    b.    The acts and/or omissions for which Plaintiffs seek to hold Bristlecone, Ms. Caldwell and Ms. Sherrier liable do not constitute an "occurrence" as defined in Coverage Part A of the Policy.

    c.    The damages sought in the Underlying Action are barred from coverage pursuant to Exclusion a. of Coverage Part A because they were expected or intended from the standpoint of Bristlecone, Ms. Caldwell and/or Ms. Sherrier.

    d.    Any alleged bodily injuries arising out of "personal or advertising injury" as defined in the Policy are barred from coverage pursuant to Exclusion o. of Coverage Part A.

e.    The damages alleged in the Underlying Action do not constitute a "personal or advertising injury" as defined in Coverage Part B of the Policy.

f.    To the extent any "personal and advertising injuries" are alleged in the Underlying Action, they were caused by or at the direction of Bristlecone, Ms. Sherrier and/or Ms. Caldwell with knowledge that the act would violate the rights of Plaintiffs and are thus barred from coverage under the Policy pursuant to exclusion a. of Coverage Part B.

g.    To the extent that any "personal or advertising injuries" are alleged in the Underlying Action, they arose out of a criminal act to which Bristlecone, Ms. Sherrier and/or Ms. Caldwell could be held liable and are thus barred from coverage under the Policy pursuant to Exclusion d. of Coverage Part B.

h.    To the extent any "personal or advertising injuries" are alleged in the Underlying Action, they arose out of breaches of contract and are thus barred from coverage under the Policy pursuant to Exclusion f. of Coverage Part B.

i.    The Sexual Abuse or Molestation Exclusion in the Policy applies because the injuries alleged in the Underlying Action arose out of the actual or threatened sexual abuse or molestation, thus, to the extent any coverage is available under the Policy for the damages alleged in

16

the Underlying Action, it is the limited coverage provided under Endorsement U013-0511 or U233-0511.

j.      The damages sought in the Underlying Action relate to Plaintiffs' alleged injuries from the actual or threatened sexual abuse or molestation while in the care, custody or control of Bristlecone, thus they fall within the "burning" sublimit provided under Endorsement U013-0511, which is the only and highest limit of insurance that will apply to all damages sought in the Underlying Action, and cannot be stacked with the sublimit provided in Endorsement U233-0511.

k.      Alternatively, the damages sought in the Underlying Action constitute an "assault," "battery," and/or "assault and battery" as defined in Endorsement U233-0511, thus they fall within the "burning" sublimit of that Endorsement, which is the only and highest limit of insurance that will apply to all damages sought in the Underlying Action, and cannot be stacked with the sublimit provided in Endorsement U013-0511.

l.      Ms. Sherrier and Ms. Caldwell do not qualify as an "insured" under the Policy because they are not "executive officers" of Bristlecone.

m.      Ms. Sherrier or Ms. Caldwell do not qualify as an "insured" as defined in the Policy with respect to any liability they incur in their personal capacities, or for their actions or inactions that were not within their duties related to Bristlecone's business.

4176084.1

45.47. Colony is informed and believes, and based upon such information and belief alleges, that Defendants contend to the contrary.

46.48. Colony requests that this that this Court declare that Colony has no duty under the Policy to indemnify any judgment or settlement reached in the Underlying Action, for the reasons set forth above.

47.49. A judicial determination and declaration of the rights and obligations of the parties is necessary and appropriate at this time because no adequate or speedy remedy at law exists for the resolution of this controversy.

## COUNT II – REIMBURSEMENT

### (Against Bristlecone Montessori School; Ruthann Sherrier; Jessica Terrizzi Caldwell and DOES 1-10)

50.    Colony repeats and re-alleges paragraphs 1 through 49 as if fully set forth herein.

51.    Through tenders of the Underlying Action, Colony has been asked, and Colony has agreed to pay certain defense fees and costs incurred in the Underlying Action under a reservation of rights, including the right to reimbursement of those certain defense fees and costs as there is no coverage under the Policy for the damages sought in the Underlying Action, or alternatively, for any defense fees and costs in excess of the limited coverage and/or "burning" sublimit found in Endorsements U013-0511 and U233-0511.

52.    Colony is informed and believes, and on this basis alleges, that additional defense fees and costs relating to the Underlying Action will be submitted to Colony for

payment during the pendency of this proceeding, which will also be subject to Colony's reimbursement claim in this action.

53.    Colony is entitled to reimbursement of for all defense fees and costs paid by Colony in connection with the Underlying Action, plus prejudgment interest on those amounts, as there is no, or alternatively, limited coverage available under the Policy for the damages sought in the Underlying Action.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff Colony Insurance Company prays for judgment against defendants Bristlecone Montessori School; Ruthann Sherrier; Jessica Terrizzi Caldwell; R.W., a minor, individually and by and through his guardian and next friend, Tina Satch; and Does 1-10, and each of them, on all causes of action as follows:

## FIRST CAUSE OF ACTION:

1.    That Colony be entitled to declaratory relief that it has no obligation to indemnify any judgment or settlement reached in the Underlying Action under Coverage A or Coverage B of the Policy;

2.    In the alternative, to the extent that Colony has any duty to indemnify any settlement or judgment reached in the Underlying Action, that any such indemnity obligation is limited to the sublimit of $25,000.00 pursuant to either Endorsement U013-0511 or U233-0511, subject to any costs and/or expenses, and which cannot be stacked.

## SECOND CAUSE OF ACTION:

4176084.1

3.    For a monetary award in the amount proven at trial, reflecting the amount that Colony has incurred in paying defense fees and costs in the Underlying Action, including prejudgment interest on those payments;

**ALL CAUSES OF ACTION:**

4.    For costs of suit herein; and

45.    For such other and further relief as just and proper.

Dated:    ~~May 6, 2020~~ July __, 2021.

Respectfully submitted,

~~/s/ Jay R. Graif~~
Jay R. Graif
Jennifer C. Kalvestran
**GUST ROSENFELD, P.L.C.**
1624 Market St.
Suite 202
Denver, CO 80202
Telephone:    303.648.4042
Facsimile:    602.254.4878
Email:          jgraif@gustlaw.com
                  jkalvestran@gustlaw.com

Attorneys for Colony Insurance Company